# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TRAVIS GREGORY, NICOLE GREGORY, ALAN LAMBERT, and ROBERT BAKER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ZIONS BANCORPORATION,<br><br>Defendant. | **ATTORNEY PLANNING MEETING REPORT**<br><br>**Case No. 2:19-cv-00015-RJS-DBP**<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

**1.    PRELIMINARY MATTERS:**

a.    Describe the nature of the claims and affirmative defenses:

Plaintiffs bring this action on their own behalf, and on behalf of a putative class of persons similarly situated, to recover damages from Defendant Zions Bancorporation, N.A. ("Zions Bank" or "Defendant"). Plaintiffs allege that (i) Zions Bank aided and abetted an alleged Ponzi scheme perpetrated by one of its customers and (ii) Zions Bank was negligent in failing to act. Plaintiffs bring claims for: (1) aiding and abetting fraud; (2) aiding and abetting breach of fiduciary duty; (3) breach of fiduciary duty; (4) aiding and abetting conversion; and (5) negligence.

Zions Bank contends that Plaintiffs' allegations in their Consolidated Complaint and Demand for Jury Trial (Dkt. No. 34, "Consolidated Complaint") suffer from a number of fundamental defects that subject the Consolidated Complaint to complete dismissal.  Pursuant to this Court's Order Granting Motion to Consolidate and Setting Briefing Schedule of February 12, 2019 (Dkt. No. 21), Zions Bank will file its Motion to Dismiss Plaintiffs' Consolidated Complaint by June 11, 2019, *i.e.* sixty days after plaintiffs filed their Consolidated Complaint.

1

b.     This case has been referred to Magistrate Judge Dustin B. Pead under 636(b)(1)(A).

c.     The parties met and conferred initially by telephone on May 6, 2019 with the following counsel in attendance:

| **For Plaintiffs**: | **For Defendant**: |
|---|---|
| Jonathan Gardner and Alan Rosca | Beth Boland, Steven T. Waterman, and Rachel Blise |

The parties subsequently communicated, both by telephone and email correspondence, concerning the case discovery plan under Fed. R. Civ. P. 26(f)(3) between May 10, 2019 and the date hereof.

d.     Fed. R. Civ. P. 26(a)(1) Initial Disclosures:

The parties have agreed to exchange initial disclosures thirty (30) days after the Defendant answers Plaintiffs' operative pleading (the "Answer Date").

e.     Pursuant to Fed. R. Civ. P. 5(b)(2)(D), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by either (i) notice of electronic filing, or (ii) email transmission. Such electronic service will constitute service and notice of entry as required by those rules. Any right to service by USPS mail is waived.

2. **DISCOVERY PLAN: The parties jointly propose to the Court the following discovery plan, except as otherwise noted:**

a.     Discovery is necessary on the following subjects:

**Plaintiffs:** Plaintiffs anticipate pursuing discovery on the following topics:

- The opening, closing, operation, supervision, modification or amendment of any accounts at Zions that were, directly or indirectly, involved in or affected by the underlying Ponzi scheme (the "Ponzi Scheme").
- The nature, substance, and extent of the relationship(s) between Zions and/or its employees involved with the Ponzi Scheme's accounts, on one hand, and the Ponzi Scheme, its principals, and/or any other businesses they had, on the other hand.
- Account statements reflecting all activity in any accounts at Zions that were, directly or indirectly, involved in or affected by the Ponzi Scheme.

2

- Communications between or involving Zions, on the one hand, and the Ponzi Scheme perpetrators and/or Plaintiffs, on the other hand.
- Zions's due diligence and anti-money laundering policies, procedures and protocol, and any due diligence and anti-money laundering-related activities of Zions in connection with the accounts at issue, the Ponzi Scheme, and/or its principals.
- The damages sustained by Plaintiffs and the class.
- The elements of Plaintiffs' claims against Defendant.
- Defendant's defenses to the claims being asserted against it by Plaintiffs.

**Defendant:** To the extent the Court does not dismiss this case, then Defendant anticipates pursuing discovery on the following topics:

- The basis for Plaintiffs' claims and factual allegations in this action, including their request for class certification.
- The alleged damages that Plaintiffs claim in this action.
- The viability of pursuing Plaintiffs' claims on behalf of a class, rather than individually.
- Defendant's defenses that it will assert in this action.

b. Discovery Phases:

- Discovery will be conducted in three phases:

  **Phase 1:** The parties have agreed that certain discovery should be stayed until the Court decides Zions Bank's soon-to-be-filed Motion to Dismiss. During Phase 1, Plaintiffs may seek documents from the following persons:

  (1) Zions Bank, limited to documents concerning accounts held at Zions Bank by Rust Rare Coin, Inc. ("RRC") and persons or entities related to Gaylen Rust that Zions Bank previously produced to the Utah Division of Securities, the Commodity Futures Trading Commission or the Securities Exchange Commission;

  (2) The court-appointed receiver for RRC, limited to documents concerning accounts held at Zions Bank by RRC and persons or entities related to Gaylen Rust; and

3

>>(3) Gaylen Rust, limited to documents concerning accounts held at Zions Bank by RRC and persons or entities related to RRC.
>>
>>Phase 1 discovery shall not include any deposition discovery, and shall continue until the Answer Date. Nothing in this report or the parties' agreement with respect to Phase 1 discovery shall affect or limit the right of Zions Bank or any third party to object to any discovery request propounded by Plaintiffs during any phase of discovery, including on grounds that the proposed discovery is unduly burdensome and/or that the costs of such discovery should be shared by the parties. Plaintiffs and Zions Bank agree to meet and confer in good faith to address any such objections.
>>
>>**Phase 2:** All fact discovery, including discovery from Zions Bank and from any third party. Phase 2 discovery shall commence on the Answer Date and shall continue for 15 months after the Answer Date.
>>
>>**Phase 3:** All expert discovery. Phase 3 discovery shall commence at the close of Phase 2 discovery and shall continue for 5 months.
>
> - The parties shall produce information in response to the served discovery demands in accordance with the time limits imposed by the Rules, unless otherwise stipulated by the parties, on a rolling basis. The parties shall supplement or correct any disclosures as necessary.
> - Discovery will be ongoing and the parties shall be entitled to supplement all discovery requests until the fact discovery period terminates.

c.  Designated discovery methods to be used and the limitations to be imposed:
   - If the Defendant's Motion to Dismiss is denied, then the parties intend to seek discovery through, *inter alia*, interrogatories, requests for admission, requests for the production of documents, document and deposition subpoenas, depositions of the parties, and expert witnesses.

   (1) Limitations for oral exam depositions:
   - Plaintiffs: 100 total deposition hours.
   - Defendant: 100 total deposition hours.
   - Maximum number of hours per deposition: 7

4

- Should either party seek to exceed the allotted number of deposition hours, the parties agree to meet and confer in good faith regarding additional deposition hours to be allotted to either side.

(2) For interrogatories, requests for admission, and requests for production of documents:

- Interrogatories: 25
- Requests for admission: 75.  Should either party seek to exceed the allotted number of requests for admission, the parties agree to meet and confer in good faith regarding additional requests for admission to be propounded by either side.
- Requests for production of documents: Plaintiffs and Defendant are limited to one set of requests for production in Phase 1.  There shall be no limit on the number of sets of requests for production in Phase 2, but the parties agree to meet and confer in good faith should any party propound a request for production that requires additional review of documents that were reviewed in response to a prior set of requests for production.
- The parties agree that for purposes of determining the number of interrogatories propounded, subparts of a basic interrogatory which are logical extensions of the basic interrogatory and seek only to obtain specified additional particularized information with respect to the basic interrogatory shall not be counted separately from the basic interrogatory. The parties also agree that discovery requests to Plaintiffs that are substantively identical for each individual named plaintiff shall count as a single request.

d. Discovery of electronically stored information ("ESI") should be handled as follows:

The parties shall agree separately in writing on a protocol for the handling, maintenance, and production of electronically stored information ("ESI"), including any confidentiality designations.

  e.  The parties shall agree separately in writing to a protective order to maintain the confidentiality of documents and other information produced during discovery, including the redaction of sensitive or personal identifying information.

  f.  The parties shall agree to an order regarding claims of privilege or protection as trial preparation material asserted after production.

  g.  Last day to request written discovery:  12 months after the Answer Date.

  h.  Close of fact discovery:  15 months after the Answer Date.

3. **AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES:**

  a.  The cutoff date for filing a motion to amend pleadings (except as to motions to conform the pleading to the evidence) is:  6 months from the Answer Date.

  b.  The cutoff date for filing a motion to join additional parties is: 1/30/2020.

4. **EXPERT REPORTS:**

  a.  The parties will disclose the subject matter and identity of experts for issues on which they bear the burden of proof: 15 days before the close of fact discovery.

  b.  Reports from experts for issues on which a party bears the burden of proof under Rule 26(a)(2) will be submitted:  15 days after the close of fact discovery.
Counter Reports: 45 days from the date the opening reports are served.
Rebuttal Reports: 30 days from the date the opposition reports are served.

  c.  Expert discovery cutoff: 5 months after the close of fact discovery.

  d.  Deadline for filing motions to exclude experts:  30 days after the close of expert discovery.

5. **CLASS CERTIFICATION:**

  a.  Briefing on class certification (including any related expert reports):
- Plaintiffs' opening brief:   The day after fact discovery closes.
- Defendant's opposition to class certification: 45 days after the filing of Plaintiffs' opening brief.
- Plaintiffs' reply in support of class certification: 30 days after the filing of Defendant's opposition brief.

6. **SUMMARY JUDGMENT:**

  a.  Briefing on summary judgment pursuant to Fed. R. Civ. P. 56:
- Opening briefs: 30 days after the close of expert discovery.

6

4823-7277-4551

- Opposition briefs: 45 days after the filing of opening briefs.
- Reply briefs: 30 days after the filing of opposition briefs.

7. **ADR/SETTLEMENT:**

   a. The potential for resolution before trial is: Fair

   b. The parties shall agree to engage in mediation by six months after the Answer Date.

8. **TRIAL AND PREPARATION FOR TRIAL:**

   a. The parties should have 21 days after service of final lists of witnesses and exhibits to submit objections under Rule 26(a)(3).

   b. This case should be ready for trial before a jury by: 24 months after the Answer Date.

   c. The estimated length of the trial is: 15 days

Dated: June 5, 2019.

*/s/ Samuel Adams*
Samuel Adams
ADAMS DAVIS P.C.
35 Broadway, Suite 203
Salt Lake City, UT 84101
Telephone:   (801) 532-9500
Email:   sam@adamsdavis.com

*Local Counsel for Plaintiffs*

Alan L. Rosca (*pro hac vice*, Dkt. 14)
Mark Goldman (*pro hac vice*, Dkt. 38)
Paul Scarlato (*pro hac vice forthcoming*)
GOLDMAN SCARLATO & PENNY PC
Eight Tower Bridge, 161 Washington St
Conshohocken, PA 19428
23250 Chagrin Blvd., Suite 100
Beachwood, OH 44122
Telephone:   (484) 342-0700
Email:   rosca@lawgsp.com
           goldman@lawgsp.com
           scarlato@lawgsp.com

4823-7277-4551

Jonathan Gardner (*pro hac vice*, Dkt. 42)
Alfred L. Fatale III (*pro hac vice*, Dkt. 42)
Ross Kamhi (*pro hac vice*, Dkt. 42)
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone:     (212) 907-0700
Email:             jgardner@labaton.com
                       afatale@labaton.com
                       rkamhi@labaton.com

J. Barton Goplerud (*pro hac vice*, Dkt. 10)
Brian O. Marty (*pro hac vice*, Dkt. 11)
SHINDLER ANDERSON GOPLERUD
& WEESE PC
5015 Grand Ridge Dr, Ste 100
West Des Moines, IA 50265
Telephone:     (515) 223-4567
Facsimile:      (515) 223-8887
Email:             goplerud@sagwlaw.com
                       marty@sagwlaw.com

*Interim Class Counsel for Plaintiffs*

DATED:  June 5, 2019

*/s/ Beth I.Z. Boland*
Beth I.Z. Boland (*pro hac vice*, Dkt. 20)
bboland@foley.com
Geoffrey H. Bracken (*pro hac vice*, Dkt. 28)
gbracken@foley.com
Rachel M. Blise (*pro hac vice*, Dkt. 29)
rblise@foley.com
Vi T. Tran (*pro hac vice*, Dkt. 30)
vtran@foley.com
FOLEY & LARDNER LLP
111 Huntington Ave, Suite 2500
Boston, MA 02199-7610
Telephone:     (617) 226-3179

Steven T. Waterman (4164)
Waterman.Steven@Dorsey.com
Dorsey & Whitney LLP
111 South Main St. Suite 2100
Salt Lake City, UT 84111-2176
*Counsel for Zions Bancorporation, N.A.*

8