# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| **TRAVIS GREGORY, NICOLE GREGORY, ALAN LAMBERT, and ROBERT BAKER, on behalf of themselves and all others similarly situated,**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**ZIONS BANCORPORATION, N.A.,**<br><br>**Defendant.** | **Case No. 2:19-cv-00015-HCN-DBP** |

## SETTLEMENT AGREEMENT BETWEEN PLAINTIFFS AND ZIONS BANCORPORATION, N.A.

This Settlement Agreement ("**Agreement**") is made and entered into this 22nd day of November, 2022 (the "**Execution Date**"), by and between Defendant Zions Bancorporation, N.A. ("**Zions Bank**"), and Plaintiffs Travis Gregory, Nicole Gregory, Alan Lambert, and Robert Baker ("**Plaintiffs**"), individually and on behalf of a class of all persons and entities who invested in the silver scheme (the "**Silver Pool**") managed and operated by Gaylen Rust ("**Rust**") by and through Rust's company, Rust Rare Coin, Inc. ("**RRC**").

WHEREAS, Rust, members of his family, and RRC held accounts at Zions Bank where they held funds for personal, business, Silver Pool, and other purposes; and

WHEREAS, Plaintiffs have filed two complaints against Zions Bank, in the matters styled *Dale and Kareen Springer, et al. vs. Zions Bancorporation*, No. 2:19-cv-00035-BCW (D. Utah)

and *Travis and Nicole Gregory, et al. vs. Zions Bancorporation*, No. 2:19-cv-00015-PMW (D. Utah) (collectively the "**Lawsuits**"); and

WHEREAS, the Lawsuits have been consolidated into a single proceeding pending in the United States District Court for the District of Utah (the "**Court**"), in the matter styled *Travis Gregory, et al. vs. Zions Bancorporation*, No. 2:19-cv-00015-HCN-DBP (the "**Action**"); and

WHEREAS, certain investors have also filed claims against Zions Bank in a lawsuit pending in the Third Judicial District Court of Salt Lake County, State of Utah, as *North Valley Partners, et al. v. Zions Bancorporation, N.A.* Civil No. 210902187 (the "*North Valley Partners* Action"), and the plaintiffs in the *North Valley Partners* Action have opted-out of the putative class in the Lawsuits; and

WHEREAS, certain investors have also filed claims against Zions Bank in a lawsuit pending in the Third Judicial District Court of Salt Lake County, State of Utah, as *Leslie Howell, et. al. v. Zions Bancorporation, N.A.,* Case No. 210902501 (the "*Howell* Action"), and the plaintiffs in the *Howell* Action have not yet opted-out of the putative class in the Lawsuits; and

WHEREAS, Plaintiffs asserted claims in the Action against Zions Bank for aiding and abetting Rust's fraud, breach of fiduciary duty, and conversion; and for negligence and breach of fiduciary duty; and

WHEREAS, Zions Bank denies Plaintiffs' allegations and has asserted defenses to Plaintiffs' claims, and further maintains that if the Action were to be litigated it would not be appropriate for class treatment; and

WHEREAS, arm's-length settlement negotiations have taken place between Plaintiffs' Class Counsel and counsel for Zions Bank, and this Agreement has been reached as a result of those negotiations; and

WHEREAS, Plaintiffs have conducted an investigation into the facts and the law regarding the claims asserted this Action, and have concluded that a settlement with Zions Bank according to the terms set forth below is fair, reasonable, and adequate, and in the best interest of Plaintiffs and the Class (collectively the "**Settlement Class Members**"); and

WHEREAS, Zions Bank denies each and every allegation asserted by Plaintiffs and asserts that although it has strong defenses to the causes of action asserted by Plaintiffs, it has decided to enter into this Agreement, subject to all the conditions stated herein, in order to obtain the releases, orders, and judgment contemplated by this Agreement; and put to rest with finality all claims that Plaintiffs have or could have asserted against the Defendants Releasees (as defined below); and

WHEREAS, Neither the fact of settlement, this Agreement, nor any consideration thereof, nor any actions taken to implement the terms of this Agreement are intended to be, nor may they be, deemed or construed to be an admission or concession of liability or of the validity of any claim or of any point of law or fact based upon, arising out of, relating to, or otherwise in connection with the allegations asserted or that could have been asserted in the Action, and shall not be deemed or construed to be an admission or evidence for any purpose whatsoever; and

NOW, THEREFORE, in consideration of the agreements and releases set forth herein and other good and valuable consideration, and intending to be legally bound, it is agreed by and between Zions Bank and the Plaintiffs that the Action be settled, compromised, and dismissed with

prejudice, without costs to Plaintiffs, the Settlement Class Members, or Zions Bank except as provided for herein, subject to the approval of the Court, on the following terms and conditions:

A.    **Definitions**

The following terms, as used in this Agreement, have the following meanings:

1.    "**Class Counsel**" means the following law firms:

> Rosca Scarlato, LLC
> 161 Washington St., Suite 1025
> Conshohocken, PA 19428 and
> 23250 Chagrin Blvd., Suite 100
> Beachwood, OH 44122

2.    "**Settlement Class**" means all persons and entities who invested in the Silver Pool and were harmed in connection with such investment. The currently-named plaintiffs in the *North Valley Partners* Action are not members of the Settlement Class. Excluded from the Class are (1) Defendant; (2) any person, firm, corporation, or other entity related to or affiliated with Defendant or in which Defendant has or had a controlling interest, (3) Gaylen Rust, Denise Rust, Joshua Rust, and their immediate family members; (4) all other employees of Rust Rare Coin, Inc.; and (5) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person.

3.    "**Zions Bank**" means Zions Bank Bancorporation, N.A.

4.    "**Parties**" means Zions Bank and Plaintiffs, collectively.

5.    "**Plaintiffs**" means Travis Gregory, Nicole Gregory, Alan Lambert, and Robert Baker.

6.    "**Defendant Releasees**" means Zions Bank and all of its current and former parents; the current and former predecessors, affiliates, assigns, successors, and subsidiaries of any of the above; and any current and former officers, employees, directors, agents, representatives, contractors, subcontractors, attorneys, heirs, executors, insurers, and administrators of each of the foregoing. Releasees will not include any retail brokers, investment advisors, broker-dealers, and/or investment advisory firms (who are not employed by or otherwise affiliated with Zions Bank) that may have recommended, suggested, brought to the attention of any investor, offered, and/or sold Rust Rare Coin investments to investors.

7.    "**Plaintiff Releasors**" means Plaintiffs and the Settlement Class, including any persons or business entities that claim by, through, or under them, such as any spouse, present, or former family members; present, former, and future heirs, executors, administrators, representatives, agents, partners, successors, predecessors-in-interest, and assigns; and to the extent there are any, all of their past and present, direct, and indirect parents, subsidiaries, and affiliates, and their past and present directors, officers, employees, stockholders, attorneys, representatives, parents, subsidiaries, affiliates, partners, and assignees of any claim that is subject to the Release described in Section D.

8.    "**Settlement Amount**" means $2,500,000.00 (two million, five hundred thousand) in United States currency.

9.    "**Settlement Distribution Administrator**" means the court-appointed Receiver, Jonathan O. Hafen and his counsel, subject to all applicable privacy laws and Court approval.

**B.**    <u>**Stipulation to Class Certification**</u>

10.    For settlement purposes only, Zions Bank does not oppose Plaintiffs' position that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied and, subject to Court approval, the Settlement Class defined in paragraph 2 should be certified for settlement purposes as to Zions Bank. Should the Court not grant final approval for whatever reason, the Parties' agreement as to class certification as part of the Settlement shall become null and void. Zions Bank expressly reserves its right to oppose class certification should this Settlement be disapproved, rescinded, or otherwise fail to become effective. In such event, no doctrine of waiver, estoppel, or preclusion will be asserted in any litigated certification proceedings in this Action. No agreements made by or entered into by Zions Bank in connection with the Agreement may be used by Plaintiffs, any member of the Settlement Class, or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in this Action or any other judicial proceeding.

**C.**    <u>**Approval of this Agreement and Dismissal of the Action**</u>

11.    Plaintiffs and Zions Bank shall use their best efforts to effectuate this Agreement, including, but not limited to, seeking the Court's approval of procedures (including the giving of class notice under Federal Rules of Civil Procedure 23(c) and (e) and scheduling a final fairness hearing) to obtain final approval of the settlement and the final dismissal with prejudice of the Action.

12.    As soon as practicable after the execution of this Agreement, Plaintiffs shall move the Court for entry of the Preliminary Approval Order in substantially the form attached as Exhibit

A hereto. Pursuant to the motion for preliminary approval (the "**Preliminary Approval Motion**"), Plaintiffs will request that:

      a.      the Court find that giving notice to the Settlement Class is justified by a showing that the Court will likely be able to: (i) approve the Settlement under Fed. R. Civ. P. 23(e)(2), and (ii) certify the Settlement Class pursuant to Fed. R. Civ. P. 23(b)(3);

      b.      the Court conditionally certify the Settlement Class for settlement purposes only, appoint Plaintiffs as the Class Representatives of the Settlement Class for settlement purposes only, and appoint Class Counsel as counsel for the Settlement Class for settlement purposes only;

      c.      the Court preliminarily approve the Agreement as fair, adequate, and reasonable, and within the reasonable range of possible final approval;

      d.      the Court approve the form(s) of Class Notice to the Settlement Class and find that the notice plan proposed by Class Counsel constitutes the best notice practicable under the circumstances, and satisfies due process and Rule 23 of the Federal Rules of Civil Procedure;

      e.      the Court set the date and time for the Final Approval Hearing, which may be continued by the Court from time to time without the necessity of further notice;

      f.      the Court set the date for the **Opt-Out Deadline** for at least sixty (60) calendar days after the Settlement Notice Date and not later than twenty-one (21) calendar days prior to the Final Approval Hearing;

      g.      the Court set the date for filing papers in support of final approval of the Settlement, an application by Class Counsel for an award of Attorney's Fees and Costs, and a request for an Incentive Award as set forth in Sections H and I herein, no later than forty (40)

calendar days prior to the Final Approval Hearing;

  h. the Court set the date for the **Objection Deadline** for at least sixty (60) calendar days after the Settlement Notice Date and not later than twenty-one (21) calendar days prior to the Final Approval Hearing; and

  i. the Court set the date for the filing of any reply papers in support of final approval of the Settlement, Class Counsel's fee and expense request, and any request for an Incentive Award, no later than ten (10) calendar days prior to the Final Approval Hearing.

  13. Within ten (10) days after the filing with the Court of this Agreement and the accompanying Motion papers seeking its preliminary approval, Zions Bank shall cause notice of the Agreement to be served upon appropriate State and Federal officials as provided in the Class Action Fairness Act, 28 U.S.C. § 1715 ("**CAFA Notice**").

  14. If the settlement is preliminarily approved by the Court, Plaintiffs shall promptly seek final approval of the settlement and entry of a final judgment order by moving the Court for entry of the Final Approval Order in substantially the form attached as Exhibit B hereto. Pursuant to the motion for final approval (the "**Final Approval Motion**"), Plaintiffs will request that the Court:

  a. certify the Settlement Class defined in paragraph 2 under Federal Rule of Civil Procedure 23(b)(3), solely for purposes of this settlement;

  b. grant final approval of the settlement as fair, reasonable, and adequate within the meaning of Rule 23(e) of the Federal Rules of Civil Procedure and directing the consummation of the settlement according to its terms;

  c. direct that the Action be dismissed with prejudice and, except as provided

for herein, without costs;

        d.      reserve exclusive jurisdiction over the settlement and this Agreement, including the administration and consummation of this settlement to the United States District Court for the District of Utah; and

        e.      determine under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing entry of final judgment.

15.      This Agreement shall become effective only when: (a) the Court has entered a final judgment order approving the settlement set forth in this Agreement under Rule 23(e) of the Federal Rules of Civil Procedure and a final judgment dismissing the Action against Zions Bank with prejudice and without costs has been entered; and (b) the time for appeal or to seek permission to appeal from the Court's approval of the settlement and the entry of a final judgment has expired or, if appealed, approval of the settlement and the final judgment have been affirmed in their entirety by the Court of last resort to which such appeal has been taken and such affirmance is no longer subject to further appeal or review (the "**Effective Date**").

**D.**      **Releases, Discharge, and Covenant Not to Sue**

16.      Upon the occurrence of the Effective Date, and in consideration of payment of the Settlement Amount as specified in paragraphs 8 and 21 of this Agreement, Plaintiff Releasors do hereby release and forever discharge Zions Bank and the other Defendant Releasees from any and all liability for any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, regulatory promulgation (including, but not limited to, any

opinion or declaratory ruling), common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, that exist as of the date of the Preliminary Approval Order, arising out of any claims that were or could have ever been asserted in the Action or that refer or relate in any way to the Silver Pool (the "**Released Claims**"). Plaintiff Releasors shall not, after the Effective Date of this Agreement, seek to recover from any Defendant Releasee based, in whole or in part, upon any of the Released Claims or any attendant conduct, misconduct, or failure to conduct at issue in the Released Claims. Released Claims do not include any claims arising out of the enforcement of this Agreement.

17.    In addition to the provisions of paragraph 16 of this Agreement, Plaintiff Releasors hereby expressly waive and release, upon the Effective Date of this Agreement, any and all provisions, rights, and benefits conferred by Section 1542 of the California Civil Code, which states:

> CERTAIN CLAIMS NOT AFFECTED BY GENERAL RELEASE.
> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY;

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code. Each Plaintiff Releasor may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the claims which are the subject of the provisions of paragraph 16 of this Agreement, but each Plaintiff Releasor hereby expressly waives and fully, finally, and

forever settles and releases, upon this Agreement becoming final, any known or unknown, suspected or unsuspected, contingent or non-contingent claim (including but not limited to third-party claims for contribution, indemnification, joint liability, or any other claims against Zions Bank brought by any person sued by a Plaintiff Releasor) with respect to the subject matter of the provisions of paragraph 16 of this Agreement, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. Zions Bank is discharged from liability, if any, for contribution or indemnity with respect to the claim for damages of Plaintiffs.

18.     Upon the occurrence of the Effective Date, and in consideration of payment of the Settlement Amount as specified in paragraphs 8 and 21 of this Agreement, Defendant Zions Bank (and all of its current and former parents; the current and former predecessors, affiliates, assigns, successors, and subsidiaries of any of the above; and any current and former officers, employees, directors, agents, representatives, contractors, subcontractors, attorneys, heirs, executors, insurers, and administrators of each of the foregoing) (collectively, "**Defendant Releasors**") do hereby release and forever discharge each of the named Plaintiff class representatives Travis Gregory, Nicole Gregory, Alan Lambert, and Robert Baker (including any persons or business entities that claim by, through, or under them, such as any spouse, present, or former family members; present, former, and future heirs, executors, administrators, representatives, agents, partners, successors, predecessors-in-interest, and assigns) (collectively, "**Plaintiff Releasees**") from any and all liability for any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law,

foreign law, contract, rule, regulation, regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law, or equity, that exist as of the date of the Preliminary Approval Order, arising out of any claims that were asserted in the Action. Such released claims do not include any claims arising out of the enforcement of this Agreement.  In consideration of this release, Plaintiff Releasees agree that they will not, after the Effective Date of this Agreement, sue, demand, or seek to recover in any way from any retail broker, investment advisor, broker-dealer, and/or investment advisory firm that may have recommended, suggested, brought to the attention of any investor, offered, and/or sold Rust Rare Coin investments to them or any other investors based, in whole or in part, upon any of the Released Claims or any attendant conduct, misconduct, or failure to conduct at issue in the Released Claims.

E.    **No Admission of Liability**

19.    Zions Bank denies any liability or wrongdoing of any kind associated with the claims alleged in the Action, whether related to its conduct or the conduct of third parties on their behalf. Zions Bank has denied and continues to deny each and every material factual allegation and all claims asserted in the Action. Nothing herein shall constitute an admission of wrongdoing or liability, or of the truth of any allegations in the Action. Nothing herein shall constitute an admission by Zions Bank that the Action is properly brought on a class or representative basis, or that a class may be certified in the Action, other than for settlement purposes. To this end, the settlement of the Action, the negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of the Agreement: (i) are not and shall not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Zions Bank or of the truth of any of the allegations in the Action; (ii) are not and shall

not be deemed to be, and may not be used as an admission or evidence of any fault or omission on the part of Zions Bank in any civil, criminal, or administrative proceeding in any court, arbitration forum, administrative agency, or other tribunal; and, (iii) are not and shall not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification.

20.    Pursuant to Federal Rule of Evidence 408 and any similar provisions under the laws of other states, neither this Agreement nor any related documents filed or created in connection with this Agreement shall be admissible in evidence in any proceeding, except as necessary to approve, interpret, or enforce this Agreement.

**F.**    **Payment of the Settlement Amount**

21.    Within twenty (20) business days after the Effective Date (the "**Funding Date**") and Zions Bank's receipt of all appropriate bank wire instructions and tax information, Zions Bank shall pay or cause to be paid by wire transfer $2,500,000 (minus any settlement administration-related costs incurred by that time) into an escrow account (the "Escrow Account"), which will be established at a bank by Class Counsel and administered in accordance with the provisions of Section J of this Agreement (the "**Settlement Fund**").

22.    Strategic Claims Services shall serve as Escrow Agent for the Escrow Account.

**G.**    **The Settlement Fund**

23.    The Settlement Amount and any interest earned thereon shall be held in the Escrow Account and constitutes the Settlement Fund. The Settlement Fund is intended by the Parties to be treated as a "qualified settlement fund" for federal income tax purposes pursuant to Treas. Reg. §

1.468B-1. The Settlement Fund shall be invested in United States Government Treasury obligations or United States Treasury money market funds.

24.     The distribution of the Settlement Fund shall be administered pursuant to a plan of distribution (the "**Settlement Distribution Plan** ") proposed by Class Counsel and the Settlement Distribution Administrator and presented to the Court for approval. The Court's modification or rejection of the Settlement Distribution Plan shall not affect the validity or enforceability of this Agreement.

25.     The Escrow Agent shall disburse proceeds of the Escrow Account only (i) before the Effective Date, by an order of the Court or upon the written instruction of Class Counsel and Zions Bank's Counsel and (ii) as of and after the Effective Date, upon written instruction of Class Counsel and consistent with any orders of the Court.

26.     After the Effective Date and before distribution of moneys from the Settlement Fund, Class Counsel and/or the Settlement Distribution Administrator may seek approval from the Court for reimbursement from the Settlement Fund for reasonable administrative costs associated with administration of the Agreement, including, but not limited to, (1) any cost for notice approved or ordered by the Court and administration and (2) any fees and costs incurred by the Settlement Distribution Administrator uniquely incurred in connection with the Administrator's duties as outlined in this Agreement. If the Agreement is terminated as provided in this Agreement, the Escrow Agent shall, within ten (10) business days following receipt of written notice of such termination from Zions Bank's Counsel or otherwise, return all monies, if any, then held in the Escrow Account (including any interest that has accrued) to Zions Bank or as instructed by Zions Bank's Counsel.

27.     Zions Bank shall not be obligated to pay any amounts under this agreement other than the Settlement Amount. Other than the Settlement Fund, Plaintiff Releasors, Class Counsel, the Notice Provider, and the Settlement Distribution Administrator shall have no other source of recovery under this Agreement against Zions Bank or the Defendant Releasees. Zions Bank shall not have any responsibility, financial obligation, or liability whatsoever with respect to the investment, distribution, use, or administration of the Settlement Fund, including, but not limited to, the costs and expenses of such investment, distribution, use or administration, except as expressly otherwise provided in this Agreement.

**H.**     **Attorneys' Fees and Costs**

28.     Class Counsel will submit to the Court for approval an Attorneys' Fees and Expenses Application in which Class Counsel will apply for a collective award of attorneys' fees to Class Counsel and for payment or reimbursement of litigation expenses incurred in the Action by Class Counsel. Class Counsel's Attorneys' Fees and Expenses Application is not the subject of any agreement between Defendants and Plaintiffs other than as set forth in this Agreement.

29.     Nothing in this Agreement requires Zions Bank or its counsel to take any position with respect to requests by Class Counsel for fees and/or costs, and nothing in this Agreement prohibits Zions Bank or its counsel from responding to requests for information which may relate to Class Counsel's fees and costs. Class Counsel shall be entitled to payment of any such fees and costs awarded by the Court out of the Settlement Fund as set forth in Section G. This Agreement will be binding and enforceable regardless of whether the Court approves the attorneys' fees and costs sought by Class Counsel. Any payment of attorneys' fees and costs shall be paid exclusively from the Settlement Fund. Any request for attorneys' fees and costs/expenses shall be noticed to

be heard at or before the Final Approval Hearing. The Settlement Distribution Administrator shall disburse any approved award of attorneys' fees and costs/expenses to Class Counsel no later than twenty (20) days after the Funding Date.

30.    The payment of attorneys' fees and costs are subject to and dependent upon the Court's approval of the Agreement as fair, reasonable, adequate, and in the best interests of Settlement Class Members. However, this Agreement is not dependent or conditioned upon the Court approving Plaintiffs' requests for such payments or awarding the particular amounts sought by Plaintiffs. In the event the Court declines Plaintiffs' requests or awards less than the amounts sought, this Agreement shall continue to be effective and enforceable by the Parties.

**I.    <u>Incentive Award</u>**

31.    Plaintiffs may submit an Incentive Award Application to the Court for approval, which Application will take into account the effort spent by Plaintiffs in pursuing the Action (including, without limitation, the time spent consulting with Class Counsel and reviewing documents, filings, and factual materials in the Action) as well as any other expenses incurred by Plaintiffs directly related to their representation of the Class.

32.    Any Incentive Award made to Plaintiffs shall be paid to them from the Settlement Fund.

33.    An Incentive Award is not a necessary term of this Agreement and is not a condition of the Settlement embodied herein. Neither Plaintiffs nor Class Counsel may cancel or terminate the Agreement based on this Court's or any appellate court's ruling as to the Incentive Award Application. Any objection to or appeal from the Incentive Award shall not affect the finality of the Approval Order or the Judgment if the Court has entered them.

**J.**     <u>**Administration and Notification Process**</u>

34.     The Parties have agreed that the Administration and Notification process will be conducted substantially as follows, subject to further agreement of the Parties and approval of the Court.

35.     Class Counsel may, in its discretion, choose to retain the services of Strategic Claims Services in connection with providing Notice to Members of the Class (the "Notice Provider") to assist Class Counsel in performing the following tasks:

    a.  Preparing and completing the Class Notice in substantially the form attached as Exhibit C hereto;

    b.  Emailing and mailing the Class Notice via First Class Mail to all potential Class Members at the addresses set forth in the list provided to Class Counsel by the Receiver;

    c.  Receiving any requests to opt-out of the Agreement;

    d.  Receiving any Objections to the Agreement;

    e.  Providing Claim Forms to Class Members as requested as set forth in paragraph 39 below;

    f.  Preparing a declaration and filing it with Court prior to the submission of the Plaintiffs' Motion for Final Approval of the Class Action Settlement: (i) attesting to the compliance of the provisions of this Agreement concerning Class Notice; and (ii) listing each Settlement Class Member who timely and validly submitted a Request for Exclusion (as defined below) opting out of the Agreement as described in paragraph 44 of this Agreement;

    g.  Preparing and delivering, at Zions Bank's expense, CAFA Notice of the Agreement to be served upon appropriate State and Federal officials as required by the Class Action Fairness Act, 28 U.S.C. § 1715;

    h.  Performing other tasks reasonably required to effectuate the above-enumerated tasks.

36.     The Notice Provider shall, under the supervision of the Court, complete its duties in a rational, reasonable, responsive, cost-effective, and timely manner. The Notice Provider shall maintain reasonably detailed records of its activities under the terms of this Agreement. The Notice Provider shall maintain all such records as are required by the Court and applicable law in accordance with its normal business practices, including, but not limited to, a summary of work performed by the Notice Provider. Such records shall be provided to Class Counsel and Zions Bank's Counsel upon reasonable request. Without limiting the foregoing, the Notice Provider shall receive Objections (as defined below) and Requests for Exclusion (as defined below), and upon such receipt shall promptly provide copies of such Objections and Requests for Exclusion to Class Counsel and Zions Bank's Counsel.

37.     All aspects of the Class Notice plan shall be completed no later than the date set by the Court in the Preliminary Approval Order.

38.     The Receiver will serve as the Settlement Distribution Administrator, pursuant to the authority granted thereto by the Court in Civil No. 2:18-cv-00892-TC, *CFTC and State of Utah Division of Securities v. Rust Rare Coin Inc., et al.* The Settlement Distribution Administrator will be responsible for the following tasks:

    a.  Receiving any Claim Forms from Class Members who did not previously submit timely, valid Claim Forms in connection with the Receiver Action;

    b.  Filing along with Class Counsel a Settlement Distribution Plan with the Court for approval;

    c.  Determining each Class Member's recognized loss pursuant to the Settlement Distribution Plan as approved by the Court;

    d.  Issuing and mailing payments to Settlement Class Members from the Settlement Fund;

39.     Class Members who previously submitted timely Claim Forms in connection with the Receiver Action, and whose claim has been accepted by the Receiver as valid, will not need to submit an additional Claim Form in connection with this Action. The Class Member's claim determination and amount will be determined pursuant to the court-approved Settlement Distribution Plan.  Class Members who did not submit timely Claim Forms in connection with the Receiver Action may request and submit a Claim Form in connection with this Action, as provided for in the court-approved Settlement Distribution Plan.

40.     In the exercise of its duties outlined in this Agreement, the Settlement Distribution Administrator will have the right to reasonably request additional information from the Parties or any Settlement Class Member as it relates to the Agreement and/or such member's claim.

41.     The Settlement Distribution Administrator shall, under the supervision of the Court, administer the relief provided by this Agreement by completing its duties in a rational, reasonable, responsive, cost-effective, and timely manner. The Settlement Distribution Administrator shall maintain reasonably detailed records of its activities under the terms of this Agreement. The Settlement Distribution Administrator shall maintain all such records as are required by the Court and applicable law in accordance with its normal business practices, including, but not limited to, a summary of work performed by the Settlement Distribution Administrator, including an accounting of all amounts paid from the Settlement Fund. Such records shall be provided to Class Counsel and Zions Bank's Counsel upon reasonable request.

42.     At no time shall the Settlement Distribution Administrator share any personal identifying information for Settlement Class Members, except as otherwise set forth in this Agreement and approved by the Court, without a Court Order or an authorization form that is

signed by the Settlement Class Member whose information is to be disclosed (or by someone with legal authorization to sign on their behalf), except that the Settlement Distribution Administrator shall comply with any federal and state tax laws and required reporting and withholding with respect to this Agreement, and Zions Bank shall have no obligations relating to such matters. Notwithstanding the foregoing, the Settlement Distribution Administrator may disclose the following information for each Class Member:   claimant's claim number, claimant's claimed amount, the allowed claim amount, the claim class, and the claimant's percent recovery.

43.    Only Class Counsel, Zions Bank, Zions Bank's Counsel, and the Settlement Distribution Administrator shall have access to information submitted by Settlement Class Members, except as otherwise specifically provided herein or as ordered by the Court. Other than Objections and Requests for Exclusion and except as otherwise provided herein, all information submitted by Settlement Class Members to the Settlement Distribution Administrator will be treated as confidential pursuant to the Court's Preliminary Approval Order and the Protective Order.

44.    Plaintiffs shall bear all costs and fees associated with the administration of their claims incurred by themselves and their agents (including but not limited to the Notice Provider, Escrow Agent, and the Settlement Distribution Administrator) except as to any costs incurred in connection with providing CAFA Notice, and as allowed by the Court in connection with Class Counsel's Attorneys' Fees and Expenses Application.

## K.    <u>Opt-Outs And Objections</u>

45.    Any Settlement Class Member who wishes to opt-out of the Agreement (*i.e.*, request to be excluded from the Settlement Class) must advise the Notice Provider of that intent

by mailing a letter requesting that they be excluded from the Settlement Class ("**Request for Exclusion**" or "**opt-out**") by first-class mail, postage prepaid, and postmarked to the address of the Notice Provider within the time period and as specified in the Class Notice. Such Request for Exclusion shall clearly include the Settlement Class Member's name, address, and telephone number; the name and case number of the Action; a clear and unequivocal statement that the Settlement Class Member wishes to be excluded from the Settlement Class; and the signature of such person or, in the case of a Settlement Class Member who is deceased, incapacitated, or an entity, the signature of a legally authorized representative of such Settlement Class Member. The Notice Provider shall promptly provide copies of all requests for exclusion it receives on a rolling basis to the Parties, and shall provide a list of all Settlement Class Members who timely and validly opted out of the Agreement in its declaration filed with the Court, as required by paragraph 35.f. of the Agreement. The declaration shall include the names of persons who have excluded themselves from the Agreement, but it shall not include their addresses or any other personal identifying information. "Mass," "group," or "class" opt-outs filed on behalf of a "mass," "group," or "class" of Settlement Class Members, when not signed by each Settlement Class Member, will not be valid opt-outs.

46.    Each member of the Settlement Class who does not submit a valid and timely Request for Exclusion will be bound by this Agreement and the judgment, including the release in Section D. Each member of the Settlement Class who submits a valid and timely Request for Exclusion will not thereafter be a Settlement Class Member and shall not be bound by the terms of this Agreement.

47.     Each member of the Settlement Class who does not submit a valid and timely Request for Exclusion from the Settlement Class as required in this Agreement will be a Settlement Class Member and will be mailed a distribution of the Settlement Fund pursuant to the court-approved Settlement Distribution Plan, to the extent they otherwise make a valid and timely claim and a valid address for such distribution can be located.

48.     Any Settlement Class Member who intends to object to the fairness of this Agreement must submit a written letter objecting to the Agreement ("**Objection**") to the Notice Provider by the Objection Deadline. In the written Objection, the Settlement Class Member must state (1) his or her full name, address, telephone number, and email, (2) whether the Objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, (3) the specific grounds for the Objection, and a detailed statement of the factual and legal bases for such Objections, (4) the identities and contact information for any counsel representing the objector in relation to the case or Objection, (5) the identity of all witnesses, including the witnesses' names and addresses, and a summary of such witnesses' proposed testimony, who the objecting Settlement Class Member may call to testify at the Final Approval Hearing, and describe and produce copies of all evidence such objecting Settlement Class Member may offer at the Final Approval Hearing; and (6) a statement whether the objecting Settlement Class Member and/or his/her/its attorney(s) intend to appear at the Final Approval Hearing. A written Objection must contain the actual written signature of the Settlement Class Member making the Objection. The Notice Provider shall provide Class Counsel and Zions Bank's Counsel with copies of any Objections as they are received. The names of any objectors who affirmatively state in writing that they wish to use a pseudonym shall be held in strict confidence by Class Counsel and Zions Bank's

Counsel and shall not be disclosed on the public record without the objector's written permission. Any attorney of an objecting Settlement Class Member who intends to appear at the Final Approval Hearing must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than the date set by the Court in its Preliminary Approval Order and shall include the full caption and case number of each previous class action case in which such counsel has represented an objector. The Parties will have the right to issue discovery to or depose any objector as to the basis and circumstances of his or her Objection, and to assess whether the objector has standing. A Settlement Class Member may not both opt-out of the Agreement and object. If a Settlement Class Member submits both a Request for Exclusion and Objection, the Request for Exclusion will control.

49.      Any Settlement Class Member who timely objects pursuant to paragraph 48 of the Agreement, may appear at the Final Approval Hearing, either in person or through an attorney hired at the Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the settlement generally.

50.      Any Settlement Class Member who fails to timely submit a written Objection to the Notice Provider and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of the Preliminary Approval Order and as detailed in the Notice, shall not be permitted to object to the Agreement at the Final Approval Hearing, shall be foreclosed from seeking any review of the Agreement by appeal or other means, shall be deemed to have waived his, her, or its Objections, and shall be forever barred from making any such Objections in the Action. All members of the Settlement Class, except those members of the Settlement Class

who submit timely Requests for Exclusion, will be bound by all determinations and judgments in the Action, whether favorable or unfavorable to the Settlement Class.

51.     Any Settlement Class Member who did not receive the Class Notice but nonetheless believes he or she is a member of the Settlement Class must mail the Notice Provider, at the address designated in the Class Notice, a written claim by sixty (60) calendar days after the Settlement Notice Date.

52.     Zions Bank reserves all of its legal rights and defenses with respect to any Settlement Class Member who opts-out or attempts to opt-out.

**L.      Rescission**

53.     Plaintiffs and Zions Bank shall each have the unilateral right to terminate this Agreement, declare it null and void, and have no further obligations under this Agreement, by providing written notice of his, her, or its election to do so to the Court and all other Parties hereto ("**Termination Notice**") within twenty (20) calendar days of that Party's actual notice of any of the following occurrences:

        a.      the Court rejects, materially modifies, materially amends or changes, or declines to preliminarily or finally approve the Agreement;

        b.      an appellate court reverses the Final Approval Order, and the Agreement is not reinstated without material change by the Court on remand;

        c.      any court incorporates into, or deletes or strikes from, or modifies, amends, or changes, the Preliminary Approval Order, Final Approval Order, or the Agreement in a way that is material, unless such modification, amendment, or change is accepted in writing by all Parties;

    d.  the Effective Date does not occur for any reason;

    e.  the judgment does not become final pursuant to Section 12.01; or

    f.  any other ground for termination provided for elsewhere in this Agreement

occurs.

  54.  In addition, if, as of the Opt-Out Deadline, members of the Settlement Class with claims cumulatively representing more than the percentage of the Settlement Amount agreed to by the parties elect to opt-out of the Agreement, Zions Bank shall have the option in its sole discretion to terminate the Agreement. For purposes of this paragraph, the value of the claim(s) held by any member(s) of the Settlement Class who opt-out of the Agreement will be measured according to the Settlement Distribution Plan, or as mutually agreed upon by the Parties or as determined by the Court. Zions Bank's option to terminate this Agreement is in its sole and absolute discretion, and can be exercised for up to thirty (30) calendar days after the Opt-Out Deadline or after the determination of the value of such claims is made pursuant to this paragraph. Should the currently-named plaintiffs in the *Howell* Action opt out of the Agreement as provided for herein, they will not be considered Settlement Class Members, and their claims will not be included in the calculation of those persons with claims cumulatively representing more than the agreed-upon percentage of the Settlement Amount. Likewise, should the Leland S. Jacobson Trust opt out of the Agreement as provided for herein, it will not be considered a Settlement Class Member, and its claim will not be included in the calculation of those persons with claims cumulatively representing more than the agreed-upon percentage of the Settlement Amount. This termination option is a material condition of this Agreement.

55.     If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Defendant or Plaintiffs to assert any right or position that could have been asserted if the Agreement had never been reached or proposed to the Court. In such an event, the Parties will return to the *status quo ante* in the Action and the certification of the Settlement Class will be deemed vacated. The certification of the Settlement Class for settlement purposes, or any briefing or materials submitted seeking certification of the Settlement Class, will not be considered in connection with any subsequent class certification decision.

**M.     Cooperation**

56.     The Parties shall do, and cause their Representative to do, whatever is reasonably necessary within the contemplation of this Agreement, should anything else be necessary, to effectuate the signing, delivery, execution, filing, recording, transfer, and entry, as may be contemplated herein, of all documents in the forms attached hereto as exhibits, or otherwise described or contemplated herein, as may be reasonably necessary or appropriate to conclude and settle all disputes as contemplated herein, and to otherwise perform the provisions of this Agreement. Further, upon request, the Parties shall promptly execute and deliver all other documents as necessary to effectuate the intent and purpose of this Agreement and shall also cooperate with each other to facilitate the execution and delivery of all such documents.

57.     If for any reason the Agreement is not finally approved or if the Effective Date does not otherwise occur, Plaintiffs may not use any evidence or information obtained solely from the cooperation provided by Zions Bank as part of the Agreement (as opposed to any other source) for any purpose other than in furtherance of the administration of this Agreement.

**N.**   **Taxes**

58.    Class Counsel and the Settlement Distribution Administrator shall be solely responsible for filing all informational and other tax returns necessary to report any net taxable income earned by the Settlement Fund and shall file all informational and other tax returns necessary to report any income earned by the Settlement Fund and shall be solely responsible for taking out of the Settlement Fund, as and when legally required, any tax payments, including interest and penalties due on income earned by the Settlement Fund. All taxes (including any interest and penalties) due with respect to the income earned by the Settlement Fund shall be paid from the Settlement Fund. Zions Bank shall have no responsibility to make any filings relating to the Settlement Fund and will have no responsibility to pay tax on any income earned by the Settlement Fund or to pay any taxes on the Settlement Fund unless the settlement is not consummated and the Settlement Fund is returned to Zions Bank. In the event the settlement is not consummated and final and any funds including interest are returned to Zions Bank, Zions Bank shall be responsible for the payment of all taxes (including any interest or penalties), if any, on said income.

**O.**   **Miscellaneous**

59.    This Agreement constitutes the entire agreement among Plaintiffs and Zions Bank pertaining to the settlement of the Action. This Agreement may be modified or amended only by a writing executed by Plaintiffs and Zions Bank.

60.    This Agreement may be executed in counterparts by Plaintiffs and Zions Bank, and a facsimile or .pdf signature shall be deemed an original signature for purposes of executing this Agreement.

61.     Neither Plaintiffs nor Zions Bank shall be considered the drafter of this Agreement or any of its provisions for the purpose of any statute, common law, or rule of interpretation that would or might cause any provision of this Agreement to be construed against the drafter.

62.     The Court shall retain continuing and exclusive jurisdiction over the implementation and enforcement of this Agreement and the settlement.

63.     Any disputes between Zions Bank and Plaintiffs and/or Class Counsel concerning this Agreement shall, if they cannot be resolved by the Parties, be submitted to the United States District Court for the District of Utah.

64.      Pending the final determination of whether the Settlement should be approved, all pre-trial proceedings and briefing schedules in the Action are stayed. If the Settlement is terminated or final approval does not for any reason occur, the stay will be immediately terminated.

65.     This Agreement shall be governed and interpreted according to the substantive laws of the State of Utah, without regard to its choice of law or conflict of law principles.

66.     Each of the undersigned signators represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement.

_____
Travis Gregory
Date:
Address:

_____
Nicole Gregory
Date:
Address:

_____
Alan Lambert
Date:
Address:

_____
Robert Baker
Date:
Address:

*Plaintiffs*

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

_____
Travis Gregory
Date:
Address:


_____
Nicole Gregory
Date:
Address:


_____
Alan Lambert
Date:  Nov 22, 2022
Address:
      1640 Zapotec Drive, South Lake Tahoe, CA 96150


_____
Robert Baker
Date:
Address:



_Plaintiffs_

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

Page **29** of **31**

_____
Travis Gregory
Date:
Address:


_____
Nicole Gregory
Date:
Address:


_____
Alan Lambert
Date:
Address:

_Robert E. Baker_
_____
Robert Baker
Date: 11-22-22
Address: P.O. Box 1146, Afton, WY 83110



*Plaintiffs*

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

4879-1576-6539

Strategic Claims Services

Printed Name: _PAUL MULHOLLA 2_

Title: _President_

Strategic Claims Services

*Notice Provider*

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

Page **30** of 31

*Zions Bancorporation, N.A.*


_____
Thomas E. Laursen
Executive Vice President and
General Counsel
ZIONS BANCORPORATION, N.A.
One South Main Street
Salt Lake City, UT 84133



**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TRAVIS GREGORY, NICOLE GREGORY, ALAN LAMBERT, and ROBERT BAKER, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br><br>ZIONS BANCORPORATION, N.A.<br><br>    Defendant. | **[PROPOSED]**<br>**PRELIMINARY APPROVAL ORDER**<br><br><br>Case No. 2:19-cv-00015-HCN-DBP<br><br>District Judge Howard C. Nielson, Jr.<br><br><br>Magistrate Judge Dustin B. Pead |

    This matter came before the Court on Plaintiffs' motion for preliminary approval of the proposed class action settlement of the above-captioned case (the "Action") between Plaintiffs Travis Gregory, Nicole Gregory, Alan Lambert, and Robert Baker ("Plaintiffs") and Defendant Zions Bancorporation ("Defendant") (Plaintiffs and Defendant collectively the "Parties"), as set forth in the Parties' Settlement Agreement Between Plaintiffs and Zions Bancorporation, N.A. (the "Agreement," which memorializes the "Settlement"). Having duly considered the papers, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

    1.   Unless defined herein, all defined terms in this Order shall have the meanings ascribed to them in the Agreement.

    2.   The Court has jurisdiction over the subject matter of the litigation, the Parties, and all Settlement Class Members.

    3.   The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement for fairness, adequacy, and reasonableness, and finds that giving notice is

justified by the Parties' showing that the Court will likely be able to: (i) approve the Settlement under Federal Rule of Civil Procedure 23(e)(2), and (ii) certify the Class pursuant to Federal Rule of Civil Procedure 23(b)(3). The Court conditionally certifies the Settlement Class for settlement purposes only, appoints Plaintiffs as the Class Representatives of the Settlement Class for settlement purposes only, and appoints Class Counsel as counsel for the Settlement Class for settlement purposes only. The Court further finds there is cause to believe that: (i) the Agreement is fair, reasonable, and adequate, and within the range of possible approval; (ii) the Agreement has been negotiated in good faith at arms' length between experienced attorneys familiar with the legal and factual issues of this case; and (iii) with respect to the forms of notice of the material terms of the Agreement to Settlement Class Members for their consideration and reaction, that notice is appropriate and warranted, and that the notice program proposed by Class Counsel constitutes the best notice practicable under the circumstances, and satisfies due process and Rule 23 of the Federal Rules of Civil Procedure. Therefore, the Court grants preliminary approval of the Settlement.

4.    The Court, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of the Settlement only, the following Settlement Class:

> All persons and entities who invested in the Silver Pool and were harmed in connection with such investment.

5.    The Court hereby appoints Plaintiffs as Class Representatives of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

6.    The Court appoints Rosca Scarlato, LLC as Class Counsel, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

7.      On _____, at _____ __.m., at the Frank E. Moss United States Courthouse, 351 South West Temple, Salt Lake City, Utah, or at such other date and time later set by Court Order, this Court will hold a Final Approval Hearing on the fairness, adequacy, and reasonableness of the Agreement and to determine whether (i) final approval of the Settlement embodied by the Agreement should be granted, and (ii) Class Counsel's application for attorneys' fees and expenses should be granted, and in what amount. No later than _____, which is no later than forty (40) calendar days prior to the Final Approval Hearing, Plaintiffs must file papers in support of Class Counsel's application for attorneys' fees and expenses, and a request for an Incentive Award for the named Class Representatives. No later than _____, which is no later than ten (10) days prior to the Final Approval Hearing, Plaintiffs must file their Motion for Final Approval of the Settlement and response to any written Objections. Defendant may (but is not required to) file papers in support of final approval of the Settlement, so long as it does so no later than _____.

8.      Pursuant to the Agreement, Strategic Claims Services is hereby appointed as Notice Provider, and shall be required to perform all the duties of the Notice Provider as set forth in the Agreement and this Order.

9.      Pursuant to the Agreement, the court-appointed Receiver in Civil No. 2:18-cv-00892-TC, *CFTC and State of Utah Division of Securities v. Rust Rare Coin Inc., et al* will serve as the Settlement Distribution Administrator, pursuant to the authority granted thereto by the Court in the above-referenced *CFTC* action, and shall be required to perform all the duties of the

Settlement Distribution Administrator set forth in the Agreement and in the Order dated June 24, 2022 entered by the court in the *CFTC* action.

10.    The Court approves the proposed plan for giving notice to the Settlement Class as detailed in plaintiffs' motion for preliminary approval of the proposed class action settlement. The Class Notice, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances. The Court hereby directs the Parties and the Settlement Administrator to complete all aspects of the notice plan, including distribution of the Class Notice via the initiation of the class member notification process, no later than thirty days after entry of this order (the "Settlement Notice Date").

11.    The Notice Provider will cause to be filed with the Court by no later than _____, which is ten (10) days prior to the Final Approval Hearing, proof that Notice was provided in accordance with the Agreement and this Preliminary Approval Order, as well as proof that notice was provided to the appropriate State and federal officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.

12.    Settlement Class Members who wish to either object to the Settlement or request to be excluded from it must do so by the Objection Deadline and Opt-Out Deadline of _____, which is both at least sixty (60) calendar days after the Settlement Notice Date and twenty-one (21) calendar days prior to the Final Approval Hearing. A Settlement Class Member may not both opt-out of the Agreement and object. If a Settlement Class Member submits both a Request for Exclusion and Objection, the Request for Exclusion will control.

13.    Any Settlement Class Member who wishes to opt-out of the Agreement (i.e., to be excluded from the Settlement Class) must advise the Notice Provider of that intent by mailing a letter requesting that they be excluded from the Settlement Class ("Request for Exclusion" or "opt-out") by first-class mail, postage prepaid, and postmarked to the address of the Notice Provider within the time period and as specified in the Class Notice. Such Request for Exclusion shall clearly include the Settlement Class Member's name, address, and telephone number; the name and case number of the Action; a clear and unequivocal statement that the Settlement Class Member wishes to be excluded from the Settlement Class; and the signature of such person or, in the case of a Settlement Class Member who is deceased, incapacitated, or an entity, the signature of a legally authorized representative of such Settlement Class Member. The Notice Provider shall promptly provide copies of all requests for exclusion it receives on a rolling basis to the Parties, and shall provide a list of all Settlement Class Members who timely and validly opted out of the Agreement in its declaration filed with the Court, as required by paragraph 35.f. of the Agreement. The declaration shall include the names of persons who have excluded themselves from the Agreement, but it shall not include their addresses or any other personal identifying information. "Mass," "group," or "class" opt-outs filed on behalf of a "mass," "group," or "class" of Settlement Class Members, when not signed by each Settlement Class Member, will not be valid opt-outs.

14.    At no time shall the Settlement Distribution Administrator share any personal identifying information for Settlement Class Members, except as otherwise approved by the Court, without a Court Order or an authorization form that is signed by the Settlement Class Member whose information is to be disclosed (or by someone with legal authorization to sign on their behalf), except that the Settlement Distribution Administrator shall comply with any federal

and state tax laws and required reporting and withholding.  Notwithstanding the foregoing, the Settlement Distribution Administrator may disclose the following information for each Class Member:  claim number, claimant's claimed amount, the allowed claim amount, the claim class, and the claimant's percent recovery.

15.    Only Class Counsel, Zions Bank, Zions Bank's Counsel, and the Settlement Distribution Administrator shall have access to information submitted by Settlement Class Members, except as otherwise specifically provided herein or as ordered by the Court. Other than Objections and Requests for Exclusion and except as otherwise provided herein, all information submitted by Settlement Class Members to the Settlement Distribution Administrator will be treated as confidential.

16.    Each member of the Settlement Class who does not submit a valid and timely Request for Exclusion will be bound by the Agreement and the judgment, including the release in Section D of the Agreement. Each member of the Settlement Class who submits a valid and timely Request for Exclusion will not be a Settlement Class Member and shall not be bound by the terms of the Agreement.

17.    Each member of the Settlement Class who does not submit a valid and timely Request for Exclusion from the Settlement Class as required in the Agreement will be a Settlement Class Member and will be mailed a distribution of the Settlement Fund pursuant to the court-approved Settlement Distribution Plan, to the extent they make valid and timely claim and a valid address for such distribution can be located.  Any Settlement Class Member who did not receive mailed notice but nonetheless believes he or she is a member of the Settlement Class may submit a Claim Form to the extent provided for and allowed in the Settlement Distribution Plan.

18.     Any Settlement Class Member who intends to object to the fairness of the Agreement must submit a written letter objecting to the Agreement ("Objection") to the Notice Provider by the Objection Deadline. In the written Objection, the Settlement Class Member must state (1) his or her full name, address, telephone number, and email, (2) whether the Objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, (3) the specific grounds for the Objection, and a detailed statement of the factual and legal bases for such Objections, (4) the identities and contact information for any counsel representing the objector in relation to the case or Objection, (5) the identity of all witnesses, including the witnesses' names and addresses, and a summary of such witnesses' proposed testimony, who the objecting Settlement Class Member may call to testify at the Final Approval Hearing, and describe and produce copies of all evidence such objecting Settlement Class Member may offer at the Final Approval Hearing; and (6) a statement whether the objecting Settlement Class Member and/or his/her/its attorney(s) intend to appear at the Final Approval Hearing. A written Objection must contain the actual written signature of the Settlement Class Member making the Objection. The Notice Provider shall provide Class Counsel and Zions Bank's Counsel with copies of any Objections as they are received. The names of any objectors who affirmatively state in writing that they wish to use a pseudonym shall be held in strict confidence by Class Counsel and Zions Bank's Counsel and shall not be disclosed on the public record without the objector's written permission. Any attorney of an objecting Settlement Class Member who intends to appear at the Final Approval Hearing must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than the date set by the Court in its Preliminary Approval Order and shall include the full caption and case number of each previous class action case in which such counsel

has represented an objector. The Parties will have the right to issue discovery to or depose any objector as to the basis and circumstances of his or her Objection, and to assess whether the objector has standing. A Settlement Class Member may not both opt-out of the Agreement and object. If a Settlement Class Member submits both a Request for Exclusion and Objection, the Request for Exclusion will control.

19.     Any Settlement Class Member who fails to timely submit a written Objection to the Settlement Administrator and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this Order and as detailed in the Notice, shall not be permitted to object to the Agreement at the Final Approval Hearing, shall be foreclosed from seeking any review of the Agreement by appeal or other means, shall be deemed to have waived his, her, or its Objections, and shall be forever barred from making any such Objections in the Action. All members of the Settlement Class, except those members of the Settlement Class who submit timely Requests for Exclusion, will be bound by all determinations and judgments in the Action, whether favorable or unfavorable to the Settlement Class.

20.     The Court approves Strategic Claims Services, LLC as Notice Provider in connection with providing Notice to Members of the Class as set forth in ¶¶ 34-36 of the Agreement. The Court further approves the appointment of Jonathan O. Hafen as the Settlement Distribution Administrator, pursuant to the authority granted thereto by the Court in Civil No. 2:18-cv-00892-TC, *CFTC and State of Utah Division of Securities v. Rust Rare Coin Inc., et al*. (the "Receiver Action") to: 1) receive any Claim Forms from Class Members who did not previously submit timely, valid Claim Forms in connection with the Receiver Action; 2) file a Settlement Distribution Plan with the Court prior the issuance of the Class Notice; 3) determine

each Class Member's recognized loss pursuant to the Settlement Distribution Plan approved by the Court; and 4) issue and mail payments to Settlement Class Members from the Settlement Fund as set forth in the Agreement. The Court does not find that the Settlement Distribution Administrator's prior rendition of legal services to Zions Bank constitutes a conflict which would disqualify the Settlement Distribution Administrator from such role.

21.    Pending the final determination of whether the Settlement should be approved, all pre-trial proceedings and briefing schedules in the Action are stayed. If the Settlement is terminated or final approval does not for any reason occur, the stay will be immediately terminated.

22.    If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Defendant or Plaintiffs to assert any right or position that could have been asserted if the Agreement had never been reached or proposed to the Court. In such an event, the Parties will return to the *status quo ante* in the Action and the certification of the Settlement Class will be deemed vacated. The certification of the Settlement Class for settlement purposes, or any briefing or materials submitted seeking certification of the Settlement Class, will not be considered in connection with any subsequent class certification decision.

23.    The settlement of the Action, the negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of the Agreement: (i) are not and shall not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Defendant or of the truth of any of the allegations in the Action; (ii) are not and shall not be deemed to be, and may not be used as an admission or evidence

of any fault or omission on the part of Defendant in any civil, criminal, or administrative proceeding in any court, arbitration forum, administrative agency, or other tribunal; and, (iii) are not and shall not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification; and evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way except as necessary to approve, interpret, or enforce the Agreement, this Order, or the Final Approval Order.

24.     Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Class Notice, and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to the members of the Class.

25.    Accordingly, the following are the deadlines by which certain events must occur:

| ACTION | DATE |
|---|---|
| Settlement Notice Date | Date: |
| | (30 days after Preliminary Approval Order entered) |
| Class Counsel's Fee/Incentive Award Motion Due | Date: |
| | (40 days prior to Final Approval Hearing ) |
| Opt-Out and Objection Deadline | Date: |
| | (At least 60 days after the Settlement Notice Date, and no later than 21 days prior to Final Approval Hearing) |
| Deadline to Submit Claims If Not Previously Submitted | Date: |
| | (60 days after Settlement Notice Date) |
| Motion for Final Approval, Notice Provider Declaration, and Response to Objections Due | Date: |
| | (10 days prior to Final Approval Hearing) |
| Final Approval Hearing | Date:<br>Time: |
| | Frank E. Moss United States Courthouse<br>351 South West Temple<br>Salt Lake City, Utah |

SO ORDERED this ___ day of _____, 202___.

BY THE COURT:

_____
Howard C. Nielson, Jr., U.S. District Judge

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TRAVIS GREGORY, NICOLE GREGORY, ALAN LAMBERT, and ROBERT BAKER, on behalf of themselves and all others similarly situated, | **[PROPOSED] FINAL APPROVAL ORDER** |
| Plaintiffs, | |
| v. | Case No. 2:19-cv-00015-HCN-DBP |
| | District Judge Howard C. Nielson, Jr. |
| ZIONS BANCORPORATION, | |
| Defendant. | Magistrate Judge Dustin B. Pead |

The Court having held a Final Approval Hearing on _____,

notice of the Final Approval Hearing having been duly given in accordance with this Court's

Preliminary Approval Order, and having considered all matters submitted to it at the Final

Approval Hearing and otherwise, and finding no just reason for delay in order of this dismissal

and good cause appearing therefore,

It is hereby ORDERED, ADJUDGED, and DECREED as follows:

1.      The Agreement dated November 22, 2022, including its exhibits (the

"Agreement"), and the definition of words and terms contained therein are incorporated by

reference in this Order. The terms of this Court's Preliminary Approval Order are also

incorporated by reference in this Order.

2.      This Court has jurisdiction over the subject matter of the Action and over the

Parties, including all members of the following Settlement Class certified for settlement purposes

in this Court's Preliminary Approval Order:

> All persons and entities who invested in the Silver Pool and were harmed in connection with such investment.

3.       The Court finally certifies the Settlement Class for settlement purposes and finds, for settlement purposes, that it satisfies all the requirements of Federal Rule of Civil Procedure 23(b)(3). Specifically: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs have and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is ascertainable; and (g) a class action settlement is superior to the other available methods for the fair and efficient adjudication of the controversy.

4.       The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in the Agreement and that Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.

5.       The Court further finds and concludes that the Class Notice and claims submission procedures set forth in the Agreement fully satisfy Federal Rule of Civil Procedure 23 and the requirements of due process, were the best notice practicable under the circumstances, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Agreement and this Order.

6.        This Court hereby finds and concludes that the notice provided to the appropriate State and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

7.        A total of XX Settlement Class Members submitted timely and proper requests for exclusion. The Court hereby orders that each of those individuals is excluded from the Settlement Class. Those individuals will not be bound by the Agreement, and neither will they be entitled to any of its benefits. The Court is informed that there was XX objections, by NAMES. The Court overrules NAME 1's objection because it XX. The Court overrules NAME 2's objection because it XX.

8.        The Court hereby finally approves the Agreement and the Settlement contemplated thereby, and finds that the terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Federal Rule of Civil Procedure 23, and directs its consummation pursuant to its terms and conditions. Each Settlement Class Member is hereby bound by the Agreement.

9.        The Court hereby finds that the Settlement Class Members have been adequately represented by the Class Representatives and Class Counsel, that the Settlement was negotiated in good faith at arm's length, that the relief provided is adequate considering the costs, risks, and delay of trial and appeal, the effectiveness of the method of distributing relief and method of processing claims, the terms and timing of payment associated with Class Counsel's request for attorneys' fees, and all other relevant factors, including that the Agreement treats Class Members equitably relative to each other.

10.     This Court hereby dismisses, with prejudice, without costs to any party, except as expressly provided for in the Agreement, the Action.

11.     Plaintiff Releasors and each and every one of the Settlement Class Members unconditionally, fully, and finally release and forever discharge Defendant Releasees from the Released Claims.

12.     Plaintiff Releasors shall not seek to recover from any Defendant Releasee based, in whole or in part, upon any of the Released Claims or any attendant conduct, misconduct, or failure to conduct at issue in the Released Claims. Released Claims do not include any claims arising out of the enforcement of this Agreement.

13.     Defendant Releasors release and forever discharge Plaintiff Releasees from any and all actions arising out of any claims that were asserted in the Action as set forth in ¶ 18 of the Settlement Agreement. Plaintiff Releasees shall not, after the Effective Date of the Agreement, sue, demand, or seek to recover in any way from any retail broker, investment advisor, broker-dealer, and/or investment advisory firm that may have recommended, suggested, brought to the attention of any investor, offered, and/or sold Rust Rare Coin investments to them or any other investors based, in whole or in part, upon any of the Released Claims or any attendant conduct, misconduct, or failure to conduct at issue in the Released Claims.

14.     Such released claims do not include any claims arising out of the enforcement of this Agreement.

15.     The settlement of the Action, the negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of the Agreement: (i) are not and shall not be deemed to be, and may not be used as, an admission or evidence of any

wrongdoing or liability on the part of Zions Bank or of the truth of any of the allegations in the Action; (ii) are not and shall not be deemed to be, and may not be used as an admission or evidence of any fault or omission on the part of Zions Bank in any civil, criminal, or administrative proceeding in any court, arbitration forum, administrative agency, or other tribunal; and, (iii) are not and shall not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification; and evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way except for purposes of as necessary to approve, interpret, or enforce the Agreement, this Order, or the Final Approval Order

16.     If the Settlement is not consummated for any reason whatsoever, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Defendant or Plaintiffs to assert any right or position that could have been asserted if the Agreement had never been reached or proposed to the Court. In such an event, the Parties will return to the *status quo ante* in the Action and the certification of the Settlement Class will be deemed vacated. The certification of the Settlement Class for settlement purposes, or any briefing or materials submitted seeking certification of the Settlement Class, will not be considered in connection with any subsequent class certification decision.

17.     At no time shall the Settlement Distribution Administrator share any personal identifying information for Settlement Class Members, except as otherwise approved by the Court, without a Court Order or an authorization form that is signed by the Settlement Class Member whose information is to be disclosed (or by someone with legal authorization to sign on their behalf), except that the Settlement Distribution Administrator shall comply with any federal and

state tax laws and required reporting and withholding. Notwithstanding the foregoing, the Settlement Distribution Administrator may disclose the following information for each Class Member: claim number, claimant's name, claimant's claimed amount, the allowed claim amount, the claim class, and the claimant's percent recovery.

18.      Only Class Counsel, Zions Bank, Zions Bank's Counsel, and the Settlement Distribution Administrator shall have access to information submitted by Settlement Class Members, except as otherwise specifically provided herein or as ordered by the Court. Other than Objections and Requests for Exclusion and except as otherwise provided herein, all information submitted by Settlement Class Members to the Settlement Distribution Administrator will be treated as confidential.

19.      The Court grants Class Counsel's application for fees and costs, and awards $_____ in attorneys' fees and $_____ in costs. The Court grants Plaintiffs' application for an Incentive Award of $XX to be awarded to each named Plaintiff. These amounts shall be paid from the Settlement Fund pursuant to the Settlement Agreement; and Court finds them appropriate, fair, and reasonable.

20.      The Court approves the Settlement Distribution Plan as submitted by the Settlement Distribution Administrator.

21.      Finding that there is no just reason for delay, the Clerk of the Court is directed to enter this Order on the docket and enter final judgment pursuant to Federal Rule of Civil Procedure 54(b) forthwith.

22.      The Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Agreement.

**IT IS SO ORDERED.**

SO ORDERED this ___ day of _____, 2023.

BY THE COURT:

_____
Howard C. Nielson, Jr., U.S. District Judge

# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| **TRAVIS GREGORY, NICOLE GREGORY, ALAN LAMBERT, and ROBERT BAKER, on behalf of themselves and all others similarly situated,**<br><br>    **Plaintiffs,**<br><br>**vs.**<br><br>**ZIONS BANK BANCORPORATION, N.A.,**<br><br>    **Defendant.** | **Case No. 2:19-cv-00015-HCN-DBP** |

### NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED CLASS ACTION DETERMINATION, PROPOSED SETTLEMENT OF CLASS ACTION, FINAL APPROVAL HEARING AND RIGHT TO APPEAR

**TO:    ALL PERSONS AND ENTITIES WHO WERE HARMED IN CONNECTION WITH THEIR INVESTMENT IN THE RUST RARE COIN SILVER POOL**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY THE LEGAL PROCEEDINGS IN THIS ACTION. IF THE COURT APPROVES THE PROPOSED SETTLEMENT, YOU WILL BE FOREVER BARRED FROM CONTESTING THE FAIRNESS, REASONABLENESS OR ADEQUACY OF THE PROPOSED SETTLEMENT OR PURSUING THE RELEASED CLAIMS AND UNKNOWN CLAIMS (AS DEFINED HEREIN).**

## I.      THE PURPOSE OF THIS NOTICE

The purpose of this Notice is to inform you of the existence of the above-captioned class action (the "Class Action" or "Action") brought by Plaintiffs Travis Gregory, Nicole Gregory, Alan Lambert, and Robert Baker ("Plaintiffs" or "Representative Plaintiffs") against Zions Bank Bancorporation, N.A. ("Zions Bank"), and its proposed settlement (the "Settlement").

This Notice also informs you of the Court's preliminary certification of a Class (as defined below in this Section) for purposes of the Settlement, and of your right to participate in a hearing (the "Final Approval Hearing") to be held on _____ 2022 at _____ m. before the Honorable Howard C. Nielson, Jr., Judge of the United States District Court for the District of Utah, Courtroom 7.300, Orrin G. Hatch U.S. Courthouse, 351 South West Temple, Salt Lake City, Utah 84101 to: (a) determine whether the Settlement should be finally approved by the Court as fair, reasonable, and adequate, and in the best interests of Plaintiffs and the Class; (b) determine whether a Final Order should be entered dismissing the Class Action with prejudice against Zions Bank and effectuating the releases described below; (c) consider any request by Plaintiffs' counsel for an award of attorneys' fees and out-of-pocket expenses ("Attorneys' Fees and Expenses Award"), and a incentive award to the Representative Plaintiffs ("Incentive Award"); (d) hear and determine any objections to the Settlement, the Settlement Distribution Plan, Attorneys' Fees and Expenses Award, or Incentive Award; and (e) rule on such other matters as the Court may deem appropriate.

The Court has determined that the Class Action shall be preliminarily certified as a class action under Rule 23 of the Federal Rules of Civil Procedure, for settlement purposes only, on behalf of all persons or entities who invested in the silver trading pool (the "Silver Pool") managed and operated by Gaylen Rust ("Rust") through his company, Rust Rare Coin, Inc. ("RRC"), and were harmed in connection with such investment. This Notice describes the rights you may have under the Settlement and what steps you may, but are not required to, take in relation to the Settlement. If the Court approves the Settlement, Plaintiffs and Zions Bank in the Class Action (the "Parties") will ask the Court to enter a Final Order dismissing the Class Action with prejudice on the merits.

**THE FOLLOWING RECITATION DOES NOT CONSTITUTE FINDINGS OF THE COURT. IT IS BASED ON STATEMENTS OF THE PARTIES AND SHOULD NOT BE UNDERSTOOD AS AN EXPRESSION OF ANY OPINION OF THE COURT AS TO THE MERITS OF ANY OF THE CLAIMS OR DEFENSES RAISED BY ANY OF THE PARTIES.**

## II.     BACKGROUND OF THE ACTION

The Class Action was initiated on January 8, 2019, with the filing of a class action complaint asserting claims against Zions Bank for aiding and abetting Rust's fraud, breach of fiduciary duty, and conversion, and for negligence and breach of fiduciary duty. Plaintiffs filed a second class action complaint on January 15, 2019 asserting similar claims on behalf of additional plaintiffs. On February 12, 2019, the Court consolidated the two cases.

On April 12, 2019, Plaintiffs filed an Amended Complaint (the "Complaint") naming Plaintiffs as proposed class representatives and making additional factual allegations against Zions Bank. On August 26, 2020, the Court issued a ruling dismissing Plaintiffs' claims for negligence, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and aiding and abetting fraud. Plaintiffs' claim for aiding and abetting conversion survived and was allowed to proceed.

Following the Court's ruling, the Parties agreed to explore a resolution of the Action through mediation. In that regard, the Parties scheduled a mediation session with Robert Meyer, Esquire, of JAMS, a highly experienced mediator with a track record of facilitating settlements in complex class actions nationwide. Prior to the mediation session, the Parties exchanged document discovery targeting Plaintiffs' claim and Zions Bank's defenses so that the Parties would have a full picture of the strengths and weaknesses of their respective cases going into the mediation.

Although the Parties were unable to reach a settlement during that mediation, Mr. Meyer kept in contact with the Parties and kept abreast of the Action as it continued over the following months.

The Parties then aggressively pursued discovery, exchanging thousands of pages of documents, conducting depositions of the four named Plaintiffs and other Silver Pool investors, and engaging in substantial motion practice thereon.

On April 23, 2021, Plaintiffs filed a motion for leave to file a second consolidated amended complaint putting forth additional factual allegations in an attempt to revive their claims for aiding and abetting fraud and breach of fiduciary duty.

On October 22, 2021, the Court heard argument on Plaintiffs' motion for leave to amend, after which it took the matter under advisement.

In December 2021, the Parties re-engaged in settlement negotiations with Mr. Meyer with the benefit of the additional discovery and motion practice. As a result of renewed negotiations involving extensive back and forth with the mediator, the Parties were able to reach a Settlement.

## III.    <u>SUMMARY OF SETTLEMENT TERMS</u>

Zions Bank will pay $2.5 million in cash (the "Settlement Amount" or "Settlement Fund") to resolve the claims of Plaintiffs and the Class. The Settlement Class and each member of the Class is limited solely to the Settlement Fund for the satisfaction of all Released Claims against all Releasees (as defined in the Settlement Agreement, sometimes referred to as the "Agreement").

A Net Cash Settlement Amount will be distributed to Authorized Claimants pursuant to the Settlement Distribution Plan, or order of the Court. The Net Cash Settlement Amount will be the Settlement Fund, less: (1) any award of Attorneys' Fees and Expenses, and any Incentive Award to the Representative Plaintiffs the Court might award; (2) the costs and expenses reasonably incurred in connection with providing Notice and administration of the Settlement; and (3) any taxes and tax expense incurred in connection with the Settlement Fund.

"Authorized Claimant" means a Class Member whose claim for recovery of losses has been found to be timely and valid under the terms of the Settlement Agreement and the Settlement Distribution Plan.

## IV.    SETTLEMENT DISTRIBUTION PLAN

In order to reduce administrative costs to the Class and streamline the claims process, the Parties requested that the court-appointed Receiver in the Rust Rare Coin Receivership action (the "Receivership Action")[1] act as the Settlement Distribution Administrator for the Settlement Distribution Plan in this Action.[2] *As Settlement Distribution Administrator, the Receiver's role will be to collect additional claim forms from those who either failed to submit a claim form in the Receivership Action, or submitted a late claim, calculate losses, and distribute the Settlement Fund at the direction of Class Counsel pursuant to a Settlement Distribution Plan approved by Judge Nielson, which is different from the distribution plan approved by Judge Campbell in the Receivership Action, as explained below.*

The reasons for asking the Receiver to serve as Settlement Distribution Administrator include:

- The Receiver has already completed a claims process in the Receivership Action that involved a considerable amount of work and collection of data.

- The work and data collection were done to verify 1) who is a valid claimant, and 2) how much that valid claimant lost.

- Having the Receiver serve as Settlement Distribution Administrator will benefit the Class as the work already done by the Receiver will not have to be duplicated here.

- The Receiver will be able to use much of the same data he already collected, such as the amounts invested and amounts received back, for the claims analysis here.

- The Receiver will not be permitted to bill the Class for any services which are not solely conducted as Settlement Distribution Administrator *in this Action.*

*It is important to note that the proposed claims-analysis methodology proposed here is different than the one used by the Receiver in the Receivership Action. For example, the Receiver in the Receivership Action used a "rising tide" analysis, which is different than the "pro rata" analysis which Plaintiffs plan to use here.* Under a "pro rata" analysis, each authorized claimant would receive a *pro rata* share of the Net Cash Settlement Amount based on each claimant's out-of-pocket loss as determined by the Receiver. The out-of-pocket losses would

---

[1] *Commodity Futures Trading Commission, et al., v. Rust Rare Coin Inc. et al.*, No. 18-CV00892 (D. Utah).

[2] Judge Campbell, the presiding Judge in the Receivership action, approved the Receiver's request to act as the Settlement Distribution Agent in this Action.  *See* Receivership Action, dkt. 467.

be calculated by the Receiver using the same claims data provided in Receiver action or as supplemented pursuant to the process herein. The Receiver would then calculate each claimant's recovery here by multiplying the Net Cash Settlement Amount by a fraction: (a) the numerator of which is the claimant's out-of-pocket loss (b) the denominator of which is the sum of all the authorized claimant's out-of-pocket losses.

**To provide further clarity about the Receiver's role in this Action, the Receiver and Class Counsel have submitted a [Notice of Settlement Distribution Plan] to the Court explaining his role in connection with the Settlement. The Notice explains: i) how the Receiver will calculate each authorized claimant's net out-of-pocket loss; ii) what information the Receiver will use to calculate the net out-of-pocket loss; iii) how the Net Settlement Amount will be distributed to authorized claimants; iv) the claims objection resolution procedures; and iv) how that proposed Settlement Distribution Plan differs from the plan approved in the Receivership Action. *You should consult the Notice of Settlement Distribution Plan filed by Class Counsel and the Receiver if you have additional questions about the proposed Settlement Distribution Plan or the Receiver's role here.* The Notice of Settlement Distribution Plan filed by Class Counsel and the Receiver can be viewed on the Notice Provider's website at https://www.strategicclaims.net.**

The Settlement Distribution Plan is not a part of or a condition of approval of the Settlement. Under the Agreement, the Net Settlement Fund may be distributed in accordance with the proposed Settlement Distribution Plan or such other plan as the Court may approve.

## V.    REASONS FOR THE SETTLEMENT

Plaintiffs agreed to the Settlement for a number of reasons, including the following:

***First***, Plaintiffs recognized they faced a substantial risk of not prevailing on their legal claims had they not agreed to the Settlement. For example, after the Complaint was filed, Zions Bank filed a forty-six page motion to dismiss raising a series of substantive legal challenges including that Plaintiffs failed to plead facts demonstrating that (a) Zions Bank actually knew about Rust's  Silver Pool, (b) Zions Bank substantially assisted with Rust's unlawful actions, (d) the actions of the Zions Bank employee who allegedly assisted Rust proximately caused Plaintiffs' losses, and (d)  Zions Bank owed a legal duty to non-customers for purposes of Plaintiffs' breach of fiduciary duty and negligence claims.

Plaintiffs filed a fifty-page opposition to Zions Bank's motion, and Zions Bank submitted a twenty-five page reply.

After hearing argument, the Court issued a ruling agreeing with Zions Bank in substantial part and dismissing all but one of Plaintiffs' claims, dismissing Plaintiffs' claims for negligence, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and aiding and abetting fraud. In issuing its ruling, the Court conducted a detailed analysis of the facts and law, much of which centered on Plaintiffs' allegations of Zions Bank's knowledge of the Silver Pool. Of significance, the Court held:

- Under Utah law, a bank does not owe a duty of care to non-customers. Accordingly, the Court dismissed Plaintiffs' negligence claim;

- Under Utah law, Zions Bank did not owe a fiduciary duty to its customer, Rust Rare Coin, so by extension, it did not owe a fiduciary duty to Plaintiffs. Accordingly, the breach of fiduciary duty claim was dismissed;

- Plaintiffs name only one individual, the branch manager of the Broadway branch where RRC banked, who may have known about Rust's unlawful activities. While that branch manager "need not have actual knowledge of each specific element of the underlying torts, he must at least have actual knowledge of those elements that form the gravamen of the underlying torts";

- Plaintiffs' allegations fell short of showing that the branch manager knew Rust owed fiduciary duties to his investors;

- Plaintiffs' allegations fell short of showing that the branch manager knew about any representations made by Rust to Plaintiffs or any other.

Thus, Plaintiffs were left with a single claim, aiding and abetting conversion. Zions Bank also raised a number of arguments attacking this claim.

Plaintiffs also faced a substantial risk that the Court would deny their motion to file a second amended complaint and allow Plaintiffs to revive their claims for aiding and abetting fraud and breach of fiduciary duty.

*Second*, the Settlement eliminates risk related to class certification. Zions Bank indicated it would oppose a motion for class certification arguing, *inter alia,* that Plaintiffs could not show that common issues predominate.

*Third*, the Settlement eliminates risk related to the proof of damages. Plaintiffs would have certainly faced challenges to their damages estimate and Zions Bank indicated it would argue that many categories of investor losses should be eliminated, including, among others, all investments made before the branch manager took his post at that branch in April 2016.

*Fourth*, Plaintiffs conducted a thorough investigation of the claims and allegations asserted in the Action before reaching an agreement in principle on the Settlement. The Parties conducted extensive discovery, exchanging thousands of pages of documents. In addition, the Parties gained access to tens of thousands of pages of documents collected by the Receiver and reviewed and analyzed those documents in connection with prosecuting and defending the Action. The Parties also obtained documents from third-party witnesses. The discovery process was hard-fought, involving extensive motion practice including motions to compel and for protective orders. Zions Bank took the depositions of each of the Representative Plaintiffs and other third parties, and Plaintiffs were preparing to take the depositions of Zions Bank's witnesses when the Settlement was reached. The Settlement was the product of an informed analysis by Plaintiffs.

Fifth, the Settlement was the product of extensive arms-length negotiations conducted with the assistance of Mr. Meyer of JAMS serving as mediator. In evaluating the Settlement, Plaintiffs and their counsel have considered: (a) the substantial benefits to the members of the Class from the Settlement; (b) the facts developed during Plaintiffs' investigation and discovery; (c) the attendant risks of continued litigation and the uncertainty of the outcome of the Action; (d) the probability of success on the merits; and (e) the conclusion of Plaintiffs' counsel that the terms and conditions of the Settlement are fair, reasonable, adequate, and in the best interests of Plaintiffs and the Class.

Zions Bank has denied, and continues to deny, that it committed any violation of the law, or engaged in any of the wrongful acts alleged in the Action, and expressly maintains that it is entering into the Settlement solely to eliminate the burden, expense, distraction, and uncertainties inherent in further litigation, and to put to rest with finality all claims that have been or could have been asserted against it and the other Releasees.

Plaintiffs have stated, and continue to state, that they brought their claims in good faith, that they believe that the claims had substantial merit at all relevant times, and that they are agreeing to the terms of the Settlement only because they believe that the Settlement provides a benefit to the Class and have concluded that the terms of the Settlement are fair, reasonable, and adequate and in the best interests of the Class.

## VI.    <u>RELEASES</u>

Under the terms of the Settlement, Plaintiffs and the Class Members ("Releasors") agree to the release and forever discharge Zions Bank and the other Releasees from the Released Claims.

"Plaintiff Releasors" means Plaintiffs and the Settlement Class, including any persons or business entities that claim by, through, or under them, such as any spouse, present, or former family members; present, former, and future heirs, executors, administrators, representatives, agents, partners, successors, predecessors-in-interest, and assigns; and to the extent there are any, all of their past and present, direct, and indirect parents, subsidiaries, and affiliates, and their past and present directors, officers, employees, stockholders, attorneys, representatives, parents, subsidiaries, affiliates, partners, and assignees of any claim that is subject to the Release described below.

"Defendant Releasees" means Zions Bank and all of its current and former parents; the current and former predecessors, affiliates, assigns, successors, and subsidiaries of any of the above; and any current and former officers, employees, directors, agents, representatives, contractors, subcontractors, attorneys, heirs, executors, insurers, and administrators of each of the foregoing. Defendant Releasees will not include any retail brokers, investment advisors, broker-dealers, and/or investment advisory firms (who are not employed by or otherwise affiliated with Zions Bank) that may have recommended, suggested, brought to the attention of any investor, offered, and/or sold Rust Rare Coin investments to investors.

"Released Claims" as defined in the Settlement Agreement means **"any and all liability for any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature

whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, that exist as of the date of the Preliminary Approval Order, arising out of any claims that were or could have ever been asserted in the Action or that refer or relate in any way to the Silver Pool (the "Released Claims"). Plaintiff Releasors shall not, after the Effective Date of the Agreement, seek to recover from any Defendant Releasee based, in whole or in part, upon any of the Released Claims or any attendant conduct, misconduct, or failure to conduct at issue in the Released Claims. Released Claims do not include any claims arising out of the enforcement of the Agreement.

In addition to the provisions above, Plaintiff Releasors expressly waive and release, upon the Effective Date of the Settlement Agreement, any and all provisions, rights, and benefits conferred by Section 1542 of the California Civil Code, which states:

<u>CERTAIN CLAIMS NOT AFFECTED BY GENERAL RELEASE.</u>

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY;

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code. Each Plaintiff Releasor may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the claims which are the subject of the provisions of the Settlement Agreement, but each Plaintiff Releasor expressly waives and fully, finally, and forever settles and releases, upon the Settlement Agreement becoming final, any known or unknown, suspected or unsuspected, contingent or non-contingent claim (including but not limited to third-party claims for contribution, indemnification, joint liability, or any other claims against Zions Bank brought by any person sued by a Plaintiff Releasor) with respect to the subject matter of the provisions of the Settlement Agreement, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. Zions Bank is discharged from liability, if any, for contribution or indemnity with respect to the claim for damages of Plaintiffs.

Plaintiff Releasees means each of the named class representatives, Travis Gregory, Nicole Gregory, Alan Lambert, and Robert Baker, including any persons or business entities that claim by, through, or under them, such as any spouse, present, or former family members; present, former, and future heirs, executors, administrators, representatives, agents, partners, successors, predecessors-in-interest, and assigns.

Defendant Releasors means Zions Bank and all of its current and former parents; the current and former predecessors, affiliates, assigns, successors, and subsidiaries of any of the above; and any current and former officers, employees, directors, agents, representatives,

contractors, subcontractors, attorneys, heirs, executors, insurers, and administrators of each of the foregoing. Defendant Releasors release and forever discharge the Plaintiff Releasees from any and all liability for any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law, or equity, that exist as of the date of the Preliminary Approval Order, arising out of any claims that were asserted in the Action.

## VII.    CLASS ACTION DETERMINATION

The Court has Ordered that the Class Action shall be preliminarily certified as a class action for purposes of the Settlement only, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the following Class:

All persons and entities who invested in the Silver Pool and were harmed in connection with such investment.

Excluded from the Class are (1) Zions Bank; (2) any person, firm, corporation, or other entity related to or affiliated with Zions Bank or in which Zions Bank has or had a controlling interest, (3) Gaylen Rust, Denise Rust, Joshua Rust, and their immediate family members; (4) all other employees of Rust Rare Coin, Inc.; (5) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person; and (6) the currently-named plaintiffs in the lawsuit pending in the Third Judicial District Court of Salt Lake County, State of Utah, as *North Valley Partners, et al. v. Zions Bancorporation, N.A.* Civil No. 210902187.

At the Final Approval Hearing, the Court will consider, among other things, whether the Class should be certified permanently.

## VIII.    THE FINAL APPROVAL HEARING

The Court has scheduled the Final Approval Hearing for [date/time] to determine: (a) whether the Court should finally approve the Settlement as fair, reasonable, and adequate to the Class; (b) whether to enter an order dismissing the Action with prejudice and extinguishing and releasing the Released Claims; (c) whether the Class should be permanently certified pursuant to Rule 23 or the Federal Rules of Civil Procedure; (d) whether the Court should permanently certify Plaintiffs as the Class Representatives in the Class Action, and attorneys and law firms Paul Scarlato and Alan Rosca of Rosca Scarlato, LLC as Class Counsel, and Sam Adams as Additional Plaintiffs' Counsel in the Action; (e) if the Court approves the Settlement, whether the Court should grant Plaintiffs' application for an Attorneys' Fees and Expenses Award; (f) whether to grant Class Counsel's application for an Incentive Award for Plaintiffs and reimbursement of Plaintiffs' expenses, and (g) to consider such other matters as may properly come before the Court.

The Court may postpone, reschedule, or adjourn the Final Approval Hearing without further notice to the Class other than by filing a notice on the docket in the Action in advance of the Final Approval Hearing, or by making an announcement at the Final Approval Hearing or any adjournment thereof. The Court also has reserved the right to approve the Settlement at or after

the Final Approval Hearing with such modification(s) as may be consented to by the Parties and without further notice to the Class.

## IX.    <u>YOUR RIGHT TO APPEAR AND OBJECT</u>

Any Member of the Class who objects to any aspect of the Settlement, certification of the Class, entry of the Final Order, the Settlement Distribution Plan, Plaintiffs' counsel's application for an Attorneys' Fees and Expense Award, and/or for an Incentive Award, or who otherwise wishes to be heard, may appear in person by his, her, or its attorney at the Final Approval Hearing and present evidence or argument that may be proper and relevant. In order to do so, the objector must first submit a written objection by [no later than 21 days before the Final Approval Hearing]. In the written Objection, the Settlement Class Member must state (1) his or her full name, address, telephone number, and email, (2) whether the Objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, (3) the specific grounds for the Objection, and a detailed statement of the factual and legal bases for such Objections, (4) the identities and contact information for any counsel representing the objector in relation to the case or Objection, (5) the identity of all witnesses, including the witnesses' names and addresses, and a summary of such witnesses' proposed testimony, who the objecting Settlement Class Member may call to testify at the Final Approval Hearing, and describe and produce copies of all evidence such objecting Settlement Class Member may offer at the Final Approval Hearing; and (6) a statement whether the objecting Settlement Class Member and/or his/her/its attorney(s) intend to appear at the Final Approval Hearing. A written Objection must contain the actual written signature of the Settlement Class Member making the Objection, provided, however, that, except for good cause shown, no person shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the order to be entered thereon, and no papers or briefs submitted by any member of the Class or any other person shall be received and considered by the Court, unless, not later than [21 days before Final Approval Hearing].

The foregoing information concerning any objections must also be filed not later than [21 days before Final Approval Hearing] with:

> Clerk of the Court
> United States District Court
> Orrin G. Hatch U.S. Courthouse
> 351 South West Temple
> Salt Lake City, Utah 84101

Copies of such objections must be served not later than [21 days before Final Approval Hearing] on:

> Paul Scarlato
> Rosca Scarlato, LLC
> 161 Washington Street, Suite 1025
> Conshohocken, PA 19428
> Alan Rosca
> 23250 Chagrin Blvd., Suite 100

BEACHWOOD, OH 44122
EMAIL: AROSCA@RSCOUNSEL.LAW
PSCARLATO@RSCOUNSEL.LAW

Any person or entity who fails to object in the manner provided above shall be deemed to have waived such objection (including the right to appeal), and absent good cause found by the Court shall forever be barred from making any such objection in the Class Action or any other action or proceeding or otherwise contesting any aspect of the Settlement, but shall otherwise be bound by the Final Order to be entered and the releases to be given.

## X.    YOUR RIGHT TO EXCLUDE YOURSELF FROM THE CLASS

Each member of the Settlement Class will be bound by all determinations and judgments in the Action, whether favorable or unfavorable, unless such person or entity mails by first class mail, postage prepaid, a written request for exclusion from the Settlement Class, addressed to *Gregory v. Zions Bank Settlement*, EXCLUSIONS, c/o Strategic Claims Services, 600 N. Jackson St., Ste. 205, P.O. Box 230, Media, PA 19063, Fax: (610) 565-7985. The request for exclusion must be ***received*** no later than _____, 2022 (the "Exclusion Deadline"). You will not be able to exclude yourself from the Settlement Class after the Exclusion Deadline. Each Request for Exclusion must clearly include the Settlement Class Member's name, address, and telephone number; the name and case number of this Action; a clear and unequivocal statement that the Settlement Class Member wishes to be excluded from the Settlement Class (such as by stating he/she/it "requests exclusion from the Settlement Class in *Gregory v. Zions Bank Settlement*, Civil Action No. 19-cv-00015"); and the signature of such person or, in the case of a Settlement Class Member who is deceased, incapacitated, or an entity, the signature of a legally authorized representative of such Settlement Class Member. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received on or before _____, 2022, or is otherwise accepted by the Court.

If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any of the Released Claims against any of the Releasees.

If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Cash Settlement Amount with respect to the Settlement Class.

Zions Bank has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class with claims cumulatively representing more than an amount agreed to by Plaintiffs and Zions Bank.

## XI.    FINAL ORDER OF THE COURT

If the Settlement is approved by the Court following the Final Approval Hearing as fair, reasonable, and adequate, the Parties will jointly request that the Court enter a Final Order which will, among other things: (a) certify the Class Action as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Class; (b) determine that the requirements of

the Federal Rules of Civil Procedure and due process have been satisfied in connection with the Notice provided to the Class; (c) certify Plaintiffs as Class Representative, and Class Counsel and Additional Plaintiff's Counsel in the Class Action; (d) approve the Settlement as fair, reasonable, and adequate to the Class; (e) dismiss the Class Action with prejudice on the merits, as against Zions Bank, without costs except as herein provided, and (f) release Zions Bank and other Releasees from the Released Claims.

## XII.   THE APPLICATION FOR ATTORNEYS' FEES AND EXPENSES, AND CLASS REPRESENTATIVE INCENTIVE AWARDS

Plaintiffs intend to petition the Court at the Final Approval Hearing for an award of attorneys' fees in an amount not to exceed 33% of the Settlement Fund, and for reimbursement of costs and expenses advanced by Plaintiff's counsel not to exceed $280,000, and for an Incentive Award to the Representative Plaintiffs in the total amount of $60,000.  Final resolution by the Court of the fee application shall not be a precondition to the dismissal of the Class Action in connection with any final approval of the Settlement, and the fee application may be considered separately from the terms of the proposed Settlement of the Class Action.

## XIII.  HOW TO OBTAIN MONEY FROM THE SETTLEMENT

**IF YOU SUBMITTED A TIMELY CLAIM FORM IN CONNECTION WITH THE RUST RARE COIN RECEIVER ACTION BY THE OCTOBER 4, 2019 DEADLINE PURSUANT TO THE COURT-APPROVED CLAIMS PROCESS, *YOU DO NOT NEED TO SUBMIT AND SHOULD NOT SUBMIT AN ADDITIONAL CLAIM IN CONNECTION WITH THIS ACTION.***

**YOUR CLAIM AND RECOVERY IN THIS ACTION WILL BE BASED ON THE INFORMATION CONTAINED IN THE CLAIM YOU SUBMITTED TO THE RECEIVER. *YOU DO NOT NEED TO SUBMIT ANYTHING FURTHER TO PARTICIPATE IN THIS ACTION.***

**IF, HOWEVER, YOU EITHER: 1) SUBMITTED A LATE CLAIM; OR 2) DID NOT SUBMIT A CLAIM IN THE RECEIVER ACTION, YOU MAY FILE A CLAIM IN THIS ACTION NO LATER THAN ___ [60 days after the Notice date]. YOU MAY REQUEST A CLAIM FORM FROM THE NOTICE PROVIDER BY CONTACTING STRATEGIC CLAIMS SERVICES VIA EMAIL AT INFO@STRATEGICCLAIMS.NET, VIA MAIL AT 600 N. JACKSON STREET, SUITE 205, P.O. BOX 230, MEDIA, PA 19063, OR BY PHONE AT (866) 274-4004. YOU CAN ALSO REQUEST A CLAIM FORM FROM CLASS COUNSEL VIA EMAIL AT PSCARLATO@RSCOUNSEL.LAW, OR BY PHONE AT (888) 998-0530.**

**PURSUANT TO THE SETTLEMENT DISTRIBUTION PLAN, IF YOU ELECT TO PARTICIPATE IN THE SETTLEMENT, YOUR CLAIM WILL BE GOVERNED BY THE CLAIMS OBJECTION RESOLUTION PROCEDURES AND THE CLAIMS**

DETERMINATIONS MADE BY JUDGE CAMPBELL IN THE RECEIVERSHIP
ACTION. ANY OBJECTION TO THE RECEIVER'S CLAIM DETERMINATION MUST
BE RESOLVED BY JUDGE CAMPBELL PURSUANT TO THE PROCEDURE
APPROVED BY JUDGE CAMPBELL, NOTWITHSTANDING YOUR RIGHT TO
APPEAR AND OBJECT TO THE SETTLEMENT AS DESCRIBED IN § IX OF THIS
NOTICE. ALL AMOUNTS PAID FROM THE NET SETTLEMENT AMOUNT WILL BE
COUNTED AS AMOUNTS RECOVERED FOR PURPOSES OF THE RECEIVER'S
DETERMINATION OF THE PERCENT RECOVERY FOR THE RISING TIDE
ANALYSIS.

IF YOU FAIL TO SUBMIT A TIMELY CLAIM FORM, YET YOU DO NOT EXCLUDE
YOURSELF FROM THE CLASS PURSUANT TO THE PROCEDURES SET FORTH IN
SECTION X. ABOVE, YOU ARE NONETHELESS BOUND BY THIS SETTLEMENT
AND THE RELEASE OF THE RELEASED CLAIMS AGAINST RELEASEES.

## XIV.   SCOPE OF THIS NOTICE

This Notice is not all-inclusive. The references in this Notice to the pleadings in the Class
Action, the Settlement Agreement, and all other papers or proceedings herein are only summaries
and do not purport to be comprehensive. For the full details of the Class Action, the claims that
have been asserted in the Class Action and the terms and conditions of the Settlement, including a
complete copy of the Settlement Agreement and related Orders and proposed forms of Orders, you
are referred to Strategic Claims Services' website at www.strategicclaims.net, or to the Court file
for the Action.

## XV.   GENERAL INQUIRIES

General inquiries about the Settlement should be directed to the attention of Class Counsel
as follows:

> Paul Scarlato, Esquire
> ROSCA SCARLATO, LLC
> 161 WASHINGTON STREET, SUITE 1025
> CONSHOHOCKEN, PA 19428
>
> Alan Rosca, Esquire
> 23250 Chagrin Blvd. Suite 100
> Beachwood, OH 44122
>
> EMAIL: AROSCA@RSCOUNSEL.LAW
>       PSCARLATO@RSCOUNSEL.LAW

PLEASE DO NOT CALL OR WRITE THE COURT WITH GENERAL INQUIRIES.