UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| TRAVIS GREGORY, NICOLE GREGORY, ALAN LAMBERT, and ROBERT BAKER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ZIONS BANCORPORATION, N.A.<br><br>Defendant. | FINAL APPROVAL ORDER<br><br>Case No. 2:19-CV-15-HCN-DBP<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

The Court having held a Final Approval Hearing and made findings on the record on April 24, 2023, notice of the Final Approval Hearing having been duly given in accordance with this Court's Preliminary Approval Order, and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in order of this dismissal and good cause appearing therefore,

It is hereby ORDERED, ADJUDGED, and DECREED as follows:

1.  The Agreement dated November 22, 2022, including its exhibits (the "Agreement"), and the definition of words and terms contained therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

2.  This Court has jurisdiction over the subject matter of the Action and over the Parties, including all members of the following Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order:

> All persons and entities who invested in the Silver Pool and were harmed in connection with such investment.

3.       The following persons are excluded from the settlement class pursuant to the Agreement: (1) the currently-named plaintiffs in the in the lawsuit pending in the Third Judicial District Court of Salt Lake County, State of Utah, as *North Valley Partners, et al. v. Zions Bancorporation, N.A.* Civil No. 210902187; (2) the Defendant; (3) any person, firm, corporation, or other entity related to or affiliated with Defendant, or in which Defendant has or had a controlling interest; (4) Gaylen Rust, Denise Rust, Joshua Rust, and their immediate family members; (5) all other employees of Rust Rare Coin, Inc.; (6) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person.

4.       The Court finally certifies the Settlement Class for settlement purposes and finds, for settlement purposes, that it satisfies all the requirements of Federal Rule of Civil Procedure 23(b)(3). Specifically: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs have and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is ascertainable; and (g) a class action settlement is superior to the other available methods for the fair and efficient adjudication of the controversy.

5.       The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in the Agreement and

that Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.

6. The Court further finds and concludes that the Class Notice and claims submission procedures set forth in the Agreement fully satisfy Federal Rule of Civil Procedure 23 and the requirements of due process, were the best notice practicable under the circumstances, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Agreement and this Order.

7. This Court hereby finds and concludes that the notice provided to the appropriate State and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

8. A total of two Settlement Class Members—Gretchen and Leslie Howell—submitted timely and proper requests for exclusion which were not later rescinded. The Court hereby orders that each of those individuals is excluded from the Settlement Class. Those individuals will not be bound by the Agreement, and neither will they be entitled to any of its benefits. The Court is informed that there were no objections.

9. The Court hereby finally approves the Agreement and the Settlement contemplated thereby, and finds that the terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Federal Rule of Civil Procedure 23, and directs its consummation pursuant to its terms and conditions. Each Settlement Class Member is hereby bound by the Agreement.

10. The Court hereby finds that the Settlement Class Members have been adequately represented by the Class Representatives and Class Counsel, that the Settlement was negotiated

in good faith at arm's length, that the relief provided is adequate considering the costs, risks, and delay of trial and appeal, the effectiveness of the method of distributing relief and method of processing claims, the terms and timing of payment associated with Class Counsel's request for attorneys' fees, and all other relevant factors, including that the Agreement treats Class Members equitably relative to each other.

11.     This Court hereby dismisses, with prejudice, without costs to any party, except as expressly provided for in the Agreement, the Action.

12.     Plaintiff Releasors and each and every one of the Settlement Class Members unconditionally, fully, and finally release and forever discharge Defendant Releasees from the Released Claims, including third-party claims for contribution, indemnification, joint liability, or any other claims against Zions Bank brought by any person sued by a Plaintiff Releasor. Plaintiff Releasors shall not, after the Effective Date of the Agreement, sue, demand, or seek to recover in any way from any retail broker, investment advisor, broker-dealer, and/or investment advisory firm that may have recommended, suggested, brought to the attention of any investor, offered, and/or sold Rust Rare Coin investments to them or any other investors based, in whole or in part, upon any of the Released Claims or any attendant conduct, misconduct, or failure to conduct at issue in the Released Claims.

13.     Plaintiff Releasors shall not seek to recover from any Defendant Releasee based, in whole or in part, upon any of the Released Claims or any attendant conduct, misconduct, or failure to conduct at issue in the Released Claims. Released Claims do not include any claims arising out of the enforcement of this Agreement.

14. Defendant Releasors release and forever discharge Plaintiff Releasees from any and all actions arising out of any claims that were asserted in the Action as set forth in ¶ 18 of the Settlement Agreement.

15. Such released claims do not include any claims arising out of the enforcement of this Agreement.

16. The settlement of the Action, the negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of the Agreement: (i) are not and shall not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Zions Bank or of the truth of any of the allegations in the Action; (ii) are not and shall not be deemed to be, and may not be used as an admission or evidence of any fault or omission on the part of Zions Bank in any civil, criminal, or administrative proceeding in any court, arbitration forum, administrative agency, or other tribunal; and, (iii) are not and shall not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification; and evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way except for purposes of as necessary to approve, interpret, or enforce the Agreement, this Order, or the Final Approval Order

17. If the Settlement is not consummated for any reason whatsoever, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Defendant or Plaintiffs to assert any right or position that could have been asserted if the Agreement had never been reached or proposed to the Court. In such an event, the Parties will return to the status quo ante in the Action and the certification of the Settlement Class will be

deemed vacated. The certification of the Settlement Class for settlement purposes, or any briefing or materials submitted seeking certification of the Settlement Class, will not be considered in connection with any subsequent class certification decision.

18. At no time shall the Settlement Distribution Administrator share any personal identifying information for Settlement Class Members, except as otherwise approved by the Court, without a Court Order or an authorization form that is signed by the Settlement Class Member whose information is to be disclosed (or by someone with legal authorization to sign on their behalf), except that the Settlement Distribution Administrator shall comply with any federal and state tax laws and required reporting and withholding. Notwithstanding the foregoing, the Settlement Distribution Administrator may disclose the following information for each Class Member: claim number, claimant's name, claimant's claimed amount, the allowed claim amount, the claim class, and the claimant's percent recovery.

19. Only Class Counsel, Zions Bank, Zions Bank's Counsel, and the Settlement Distribution Administrator shall have access to information submitted by Settlement Class Members, except as otherwise specifically provided herein or as ordered by the Court. Other than Objections and Requests for Exclusion and except as otherwise provided herein, all information submitted by Settlement Class Members to the Settlement Distribution Administrator will be treated as confidential.

20. The Court grants Class Counsel's application for fees and costs, and awards $825,000 in attorneys' fees and $254,399.14 in costs. The Court grants Plaintiffs' application for an Incentive Award of $45,000, with Mr. Travis Gregory, Ms. Nicole Gregory, and Mr. Alan

Lambert each receiving $15,000. These amounts shall be paid from the Settlement Fund pursuant to the Settlement Agreement; and the Court finds them appropriate, fair, and reasonable.

21. The Court approves the Settlement Distribution Plan as submitted by the Settlement Distribution Administrator.

22. Finding that there is no just reason for delay, the Clerk of the Court is directed to enter this Order on the docket and enter final judgment pursuant to Federal Rule of Civil Procedure 54(b) forthwith.

23. The Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Agreement.

IT IS SO ORDERED.

Dated this 24th day of April, 2023.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge